WILLIAM B. OGDEN *et al.,* Plaintiffs in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

#### ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where it is stipulated that a judgment shall be rendered as if by default, upon certain conditions, the judgment will stand; all that part of the report not required by the law, being disregarded.

THIS was a proceeding to make a special assessment for *deepening* and widening the North Branch of the Chicago river.

The collector gave due notice of his having the warrant for collection, and also of his intended application to the January special term of the Cook County Court of Common Pleas, for judgment against the delinquent lots and lands.

The collector's report contained the warrant at large, and the warrant contained an exact copy of the assessment roll, as made and returned by the commissioners.

The following is a copy of the caption and tabular statement of the property and assessment in said roll:

" ASSESSMENT ROLL.

" A description of the real estate in the north and west divisions of the city of Chicago, deemed benefited by deepening and widening the North Branch of the Chicago river, with the valuation thereof, and the sums of money severally assessed thereon for benefit by the commissioners, to wit:

*Wight's Addition to Chicago.*

| Owners. | Description. | Sub Lot. | Lot. | Block. | Valuation. | Assessment. |
|---|---|---|---|---|---|---|
| Ogden & Jones, | | | 1 | 1 | 7,500 | 222.70 |
| | | | | 2 | 7,500 | 222.70 |
| | | | | 3 | 7,500 | 222.70 |
| J. Y. Scammon, | | | 1 | 6 | 8,000 | 231.98 |

*Elston's Addition to Chicago.*

| Daniel Elston, | | | | 1 | 170,000 | 5,029.29 |
|---|---|---|---|---|---|---|
| Wm. B. Ogden, | | | | 95 | 105,000 | 3,099.21 |

The collector also filed the proceedings of the Common Council in ordering the assessment, in which it is set forth that on the 24th August, 1857, it was "Ordered, that the North Branch of the Chicago river be deepened to the depth of eleven feet below low water mark, and widened so as to afford a channel of fifty feet on the bottom, and not less than seventy-five feet at low water mark, in accordance with the superintendent's estimate, herewith submitted.

Ordered, that the sum of sixty-four thousand four hundred

and fifty-five dollars be assessed upon the real estate deemed benefited by the said improvement," etc.

Commissioners were elected to make the assessment, who made the foregoing return, and that the same did not exceed three per cent. upon the valuation of the property assessed.

The council confirmed the assessment.

Defendants filed objections, and afterwards by a stipulation, the objections were withdrawn, and judgment taken as by default.

Thereupon the court rendered a judgment against each lot, etc., for the sum annexed to each parcel of land, together with the further sum of ten per cent. thereon, and for the sale of the premises therefor.

The assignment of errors is as follows:

1st. The Common Council had no power, jurisdiction, or authority to assess any greater sum than three per cent. upon the value of real estate of plaintiffs in any one year, for any improvement in said city.

2nd. The court below rendered a judgment against the lots for a greater sum than three per centum per annum of the value, for deepening and widening the North Branch of the Chicago river.

3rd. The court rendered a judgment for ten per cent. over and above the amount assessed by the Common Council on said lots, and made an order to sell said premises for the payment of the same.

4th. The Common Council had no jurisdiction to confirm, and the court below had no jurisdiction to render judgment for this amount, because there was no valid assessment made in the case; and because the commissioners made no assessment of any sum of money against or upon either of the said premises, as appears by the assessment roll returned by them; and because the Common Council has no power to make a special assessment for *deepening* the North Branch of the Chicago river.

5th. The court erred in rendering judgment for the defendant and against the plaintiffs in error, when, by the law of the land, judgment should have been rendered for the plaintiffs in error for their costs.

SCATES, McALLISTER & JEWETT, for Plaintiffs in Error.

E. ANTHONY, for Defendant in Error.

CATON, C. J. The judgment in this case must be affirmed, upon the principles stated in the case of *Bristol* v. *City of Chicago, ante.*

Although the owners of the land appeared and filed objections to the judgment, which if they had sustained by proof, would have been fatal to it, yet before they introduced any evidence to sustain them, they entered into a stipulation with the city attorney, that judgment should be entered against the lands for the assessment, " in the same manner in all respects, and to the same extent and effect, as if the application of said city for said judgment, had not been resisted and in no other respect shall said judgment be entered, it being hereby agreed that the same shall be entered, as if by default, save as hereinafter mentioned." The subsequent clauses referred to, do not affect the character of the judgment, but provide against a sale under it, and the mode of payment. We are bound then to consider this judgment, as if rendered by default, the only legitimate evidence before the court upon which it could act, being the report of the collector, and so much of that report only, as the law authorized and required him to make to the court. As in the Bristol case, any foreign matter which he may have put in his report, is not binding upon either party, and the court could not act upon it. The clerk has embodied in the record, copies of what purports to be proceedings of the Common Council on the subject of an assessment to widen and deepen the Chicago river, but by whom they were filed we are not informed, and they are not sent to us with the sanction of the judge, by a bill of exceptions, as all evidence should be, to enable this court to consider it. We repeat, that in this case we are required to treat this judgment as one rendered by default, and it must be controled by the decision of the case above referred to. What the assessment was levied for, whether to deepen the river or to pave a street, we cannot know.

The judgment must be affirmed.

*Judgment affirmed.*