# DANIEL T. ELSTON *et al.*

*v.*

# THE CITY OF CHICAGO.

1. ACTION *for money had and received — whether a payment was voluntary or compulsory.* Money which has been voluntarily paid upon a judgment cannot be recovered back, even though the judgment be void, when the payment was made with a full knowledge of all the facts and circumstances of the case, and in ignorance only of the party's legal rights.

2. A payment is not to be regarded as compulsory, unless made to relieve the person or property from an actual and existing duress imposed upon him by the party to whom the money is paid.

3. So, where a judgment has been rendered against real estate for the nonpayment of an assessment made for a public improvement, and the owner of the real estate pays the judgment, when there is no precept or execution by which its collection can be enforced, such payment will be regarded as being voluntarily made, not under legal compulsion.

4. ASSESSMENTS *for deepening and widening the Chicago river — power of the city in respect thereto.* The city of Chicago has no authority under its charter to make an assessment to *deepen* the Chicago river, but it has power, under the act of February 27, 1845, amendatory of its charter, to make an assessment to widen the river.

5. And to accomplish the widening of the river, it may be found necessary to excavate the bed, and so deepen the channel. Deepening might be a mere incident to widening, depending on various circumstances.

6. SAME — *effect of a combined action when there is a want of power as to a part.* But, the city having the power to widen the river, if, in acting under that power, it included in its action a matter not within its cognizance, it might be void *quoad hoc,* but not void as to that of which it had jurisdiction.

7. ATTACKING JUDICIAL PROCEEDINGS *collaterally.* Where a court has jurisdiction its action cannot be attacked collaterally.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. WALTER B. SCATES, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit for money had and received, laid out and expended, etc., brought by Robert R. Clark and others against the city of Chicago, in the Superior Court of that city, to recover back money paid by them to the city on an assessment for deepening the Chicago river, and for interest on the sum paid. The plea was the general issue. The cause was tried by the court without a jury, and judgment for costs for the city. To reverse this judgment, the plaintiffs appeal to this court.

The points made by appellants are, that the city had no authority to make an assessment to deepen the river, and, therefore, all the proceedings for such purpose are void; that Coventry, who made the stipulation, as attorney for the Elston estate, had no authority to make it, and, therefore, the judgment was not binding on the property of the estate; that the money sought to be recovered back was paid on an illegal claim. It was an involuntary payment, and may be recovered back in this action.

The first proposition is established by the case of *Wright* v. *Chicago*, 20 Ill. 252. The order in this case, however, was for deepening and widening the river, to do the latter of which, express authority is conferred upon the city council by section five of the act of February 27, 1845, which was held to be in that case substantially an amendment of the city charter. The order for widening the river was, consequently, valid to that extent, and could be enforced. But that is not the whole case. The facts are, that the proprietors of the property bounded by this river had, in 1857, agreed among themselves that the river should be deepened and widened, and that they would advance the money *pro rata* for the purpose, if the city authorities would agree to levy an assessment on the proprietors to be benefited by the improvement. They agreed to petition the city council, asking them to let the work, the property owners agreeing, on their part, to pay money on it to a certain extent, and to such a time as the city should have made and collected its assessment.

Accordingly, the council, on the 24th of August, 1857, instituted proceedings for a special assessment upon the real estate deemed benefited for deepening and widening that part of the river, and on that day passed these orders : *Ordered,* that the north branch of the Chicago river be deepened to the depth of eleven feet below low water mark, and widened so as to form a channel of fifty feet in the bottom, and not less than seventy-five feet at low water mark, in accordance with the superintendent's estimate herewith submitted.

*Ordered,* that the sum of sixty-four thousand four hundred and fifty dollars be assessed upon the real estate deemed benefited by said improvements, etc.

Commissioners were duly appointed, who made an assessment and returned it to the common council, stating therein, that it did not exceed three per cent. of the value of the real estate assessed, which the council duly approved and confirmed, and a warrant, issued on the 7th of October, 1857, to the proper collector, to collect the same. This was called "Warrant No. 5 North and West."

Block one, in Elston's addition, was included in the assessment, valued at $170,000, and assessed for $5,029$\frac{29}{100}$.

The city collector, failing to collect the assessment on this block, applied, at the January Term, 1858, of the court of Common Pleas, for judgment against it, having first given the notice required by law, at which term a judgment was rendered against this block, with others, and a warrant ordered to be issued for the sale of the same, in which warrant block one was not included. The work was completed in the fall of 1858.

On the 9th of March, 1858, the appellant Clark, who had intermarried with Blanche Elston, one of the two heirs at law of Daniel Elston, took from the collector this receipt:

"CITY COLLECTOR's OFFICE, March 9, 1858.
"State of Illinois, city of Chicago.
"Received of R. R. Clark $2,011.79, being the amount assessed by said city, on the 5th day of October, 1857, for deepening the north branch of the Chicago River, being forty

per cent. on assessment, on the following described property, situated in said city, to wit, Elston's addition, block 1; amt. $2,011.70."

As this work progressed, it appears the superintendent in charge of it, as the contractors required payment, made *pro rata* payments according to the work done upon the different properties along the bank of the river. These *pro rata* divisions were sent to the parties interested, and they paid the money over to the superintendent, who paid it out to the contractors on the estimates.

It is this money which is evidenced by the receipt of the collector of March 9, 1858, the plaintiffs seek to recover back.

It appears, that, at the January Term, 1859, of the same court, the city collector made application for judgment against the same lands and lots under the same, "Warrant No. 5, N. and W." for the same assessment, and judgment rendered accordingly, on block one, "for the balance due," of $3,017.56. This balance has nothing to do with this controversy, nor did the precept which issued on this judgment have any existence when the money was paid by the appellants to the collector, on the 9th of March 1858.

All the argument and authorities, therefore, cited to show that a payment on compulsion, or involuntary, may be recovered back, have nothing to do with this case. When this money was paid, there was no precept or execution, by which its collection could have been enforced, so that there was no legal compulsion, and the payment was made voluntarily and for a purpose set on foot, in part, by appellants, and by which their property was to be, and has been, greatly benefited. The idea that the money was paid on compulsion, has no existence in fact.

Now, as to the judgment rendered at January Term, 1858, had the Court of Common Pleas jurisdiction of the subject-matter to render it?

The order was for deepening and widening the river, and to accomplish the latter, it might be found necessary to excavate·

the bed, and so deepen the channel. Deepening might be a mere incident to widening, depending on various circumstances. That the city council had the power to widen the river, and that they acted under that power, is manifest; and if they included in their action a matter not within their cognizance, it might be void *quoad hoc*, but not void as to that of which they had jurisdiction. Having jurisdiction, the action of the court cannot be attacked collaterally. The judgment must stand until reversed. It has, in fact, however, been affirmed. *Ogden et al.* v. *Chicago*, 22 Ill. 592.

But whether or not this be so, the receipt does not show, nor is it proved by evidence *aliunde*, that the money was paid by appellants. The receipt is in the name of R. R. Clark, and the suit is brought by Daniel T. Elston and R. R. Clark and Blanche, his wife. The proof does not sustain the declaration.

Upon the other point, of Coventry's authority to sign the stipulation, we consider that wholly immaterial. If he had not authority, then the judgment was a regular judgment by default, the party having had due notice of the proceedings. If he had authority then it was by consent, and consent takes away all errors.

We find, then, there was a regular judgment against this property, and that the plaintiffs owning it, voluntarily, and not under process, by one of the parties in interest, paid this money, and we know of no principle of law that can be invoked in their favor, to compel the city to pay it back to them. Although the judgment may be void, still the payments made by the plaintiffs were voluntary; they were made with a full knowledge of all the facts and circumstances of the case; in ignorance only of their legal rights, without fraud, imposition or any undue advantage taken of them, and really, for an object they had originated, and the accomplishment of which has benefited their estate. No case can be found, where money has been voluntarily paid, with a full knowledge of the facts and circumstances under which it was demanded, which holds that it can be recovered back, upon the ground that the payment was made under a misapprehension of the legal rights

and obligations of the party paying. And it is invariably held, that a payment is not to be regarded as compulsory, unless made to relieve the person or property from an actual and existing duress imposed upon him by the party to whom the money is paid, and such is the tenor of all the cases cited by appellants from *Valpey* v. *Bate*, 50 Eng. C. L., 602, to *Lazell* v. *Miller*, 15 Mass. 207. No well considered case, anywhere, has proceeded upon different principles.

We thus dispose of all the important points made in the cause, and perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*