Town of Lyons v. Cook.

## Town of Lyons
## v.
## Thomas Cook.

1. Taxation—Recovery of taxes paid to municipality.—To make a municipality liable to refund taxes that have been paid to a collector, three things are essential. The tax must have been illegal and void, not merely irregular; it must have been paid under compulsion, or its legal equivalent; and it must have been paid over by the collecting officer, and have been received to the use of the municipality.

2. Township law—Order of town-clerk to pay money.—An order of the town-clerk, upon the supervisor of the town, to pay a certain sum to a person therein named, is not binding upon the town.

3. Payment in error.—Money paid under a mistake of law cannot be recovered back; but a payment made under a mistake as to material facts may be recovered. In the latter case the burden of proof is upon the plaintiff, to show that payment was made under a mistake of facts.

4. Auditing claims—Certificate of auditors.—The auditing board of a town cannot by the mere act of auditing a claim and making their certificates thereto, create a legal liability on the part of the town, where such claim is without basis in law or in fact.

5. Towns—Claims against—Action of electors.—If it had been shown that the tax was illegal; that the board of auditors delivered their certificate to town clerk to be placed on file for the inspection of the inhabitants; and that the electors at the annual meeting, by a majority vote, had determined not to accept plaintiff's money, there would be some ground for holding that plaintiff might maintain an action therefor, if brought within five years.

Appeal from the Circuit Court of Cook county; the Hon. Elliott Anthony, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed January 4, 1882.

This action was brought in the court below by Cook, the appellee, against the town of Lyons, the appellant, October 2, 1879. The declaration contains two special, and the common counts. The first special count was upon an alleged promissory note, made November 3, 1871, by defendant to plaintiff, for $131.84. The second was upon an instrument in the following form:

"$131.84.                          TOWN CLERK'S OFFICE,
                    "LYONS TOWNSHIP, November 3, 1871.
    "The Town Supervisor will pay to Thomas Cook or order,
the sum of one hundred and thirty-one $\frac{84}{100}$ dollars, being the
amount audited on the 9th day of September, 1871, as appears
from the certificate of Town Auditors on file in my office, for
town tax paid in error for 1869.
                          "D. C. SHEPHERD, Town Clerk."

    The defendant pleaded the general issue to the whole dec-
laration, and to the common counts, the Statute of Limitations
of five years, to which there was a replication traversing the
plea.   The cause was, by agreement, tried by the court with-
out a jury.   On the trial the plaintiff offered, and the court
admitted, in evidence against the objection and exception of
defendant, the order of the town clerk upon the supervisor as
above given; also a document purporting to be a copy of the
certificate of the board of auditors of said town for the year
1871, containing some forty items, among which was this:
                    "Town of Lyons, Dr. to Thomas Cook.
"For town tax paid in error for 1869..............$120.51
"Interest...................................  11.33
                                      
"Total..........................................$131.84"
    To this document, which purported to have been signed by
three persons styling themselves Board of Auditors, there
was appended this certificate:  "I hereby certify that the
above is a correct copy of the auditing sheet of the Board of
Auditors of the town of Lyons, for the year ending Sept. 9th,
1871.
                          J. B. RYAN, Town Clerk."

    The plaintiff rested his case, and on behalf of defendant it
was shown that, in the early part of the year 1870, the plain-
tiff voluntarily, and without any compulsion, paid to the col-
lector of taxes in and for said town, the sum of $120.51 afore-
said, as and for the taxes upon his property in said town for
the year 1869, which was all the evidence in the case.   The
court found the issues for the plaintiff, and assessed his dam-

ages at $131.84. The defendant moved to set aside the finding, and for a new trial, which was overruled, and judgment given, from which the defendant prosecutes this appeal.

Messrs. DENT & BLACK, for appellant; that payment made under a mistake of law cannot be recovered back, cited Elston v. City of Chicago, 40 Ill. 514; Falls v. City of Cairo, 58 Ill. 403.

The town order was not authorized by law, and therefore no effect can be given to it: Hewitt v. Board of Education, 94 Ill. 528; Board of Education v. Taft, 7 Bradwell, 571.

The board of auditors cannot create a binding obligation against the town: Bradley v. Ballard, 55 Ill. 413; Town of Petersburg v. Mappin, 14 Ill. 193.

To recover taxes voluntarily paid, it must be shown that they were illegal, and were paid under compulsion or its legal equivalent: Cooley on Taxation, 565.

The town was not liable for interest: Chicago v. The People, 56 Ill. 327; County of Pike v. Hosford, 11 Ill. 170; City of Pekin v. Reynolds, 31 Ill. 529.

Mr. JOHN P. WILSON, for appellee; cited Town of Lyons v. Cooledge, 89 Ill. 529.

McALLISTER, J.    There were three indispensable conditions to a liability on the part of the town of Lyons, to pay back to Cook the money paid by him in the early part of 1870, as and for the town taxes of 1869, in question in this case: 1. The tax must have been illegal and void, and not merely irregular. 2. It must have been paid under compulsion, or the legal equivalent. 3. It must have been paid over by the collecting officer and have been received to the use of the municipality. Cooley on Taxation, 565, and cases in notes. Elston v. Chicago, 40 Ill. 514.

There is no evidence in the record tending to show that the tax so paid was illegal or void. The theory of the liability to pay back or restore such taxes is that the municipality has received the money of the tax payer, which in equity and good conscience such municipality ought not to retain; and the lat-

ter will be regarded as retaining the same for such taxpayer and to his use, provided the tax was illegal and void, and it was paid under compulsion. "And it is invariably held," says the court, in Elston v. Chicago, *supra*, "that a payment is not to be regarded as compulsory, unless made to relieve the person or property from an actual and existing duress imposed upon him by the party to whom the money is paid." Whether there may not be a legal equivalent for such actual existing duress, it is not necessary to inquire, because here, as the evidence conclusively shows, the plaintiff below paid the tax in question voluntarily and without any sort of compulsion. The tax not being illegal and void, and the plaintiff having paid it voluntarily, the town of Lyons, if the money had been paid over by the collector, would not hold it against equity and good conscience, and to the use of plaintiff; and was not, therefore, under such equitable duty to pay it back, as would give rise to an implied undertaking to do so. There being no implied undertaking, on the part of the town, to pay back this money, we are next to consider how the liability of the town was affected by the order of the town clerk upon the supervisor, of November 3d, 1871, to pay the money to plaintiff. Counsel for the latter has referred us to no provision of the Township Organization Act of 1861, then in force and governing this case, which can be regarded as conferring any authority upon the clerk to make such an order, or bind the town in any such way.

Sec. 1, Art. 10 (Laws 1861, p. 231), declares that the supervisor, town clerk, and justices of the peace of the town, shall constitute a board of auditors, to examine the accounts of the overseers of the poor, and commissioners of highways for such town, for moneys received and disbursed by them. Section 3 requires the board to meet at the town clerk's office, for the purpose of examining and auditing the town accounts semi-annually, on the Tuesday next preceding the annual meeting of the board of supervisors, and on the Tuesday next preceding the annual town meeting. Section 4 provides that the accounts so audited and those rejected, if any, shall be certified by the auditors, or a majority of them, and delivered to the town clerk, to be

Town of Lyons v. Cook.

by him kept on file, for the inspection of any of the inhabitants of the town, and shall be produced by the town clerk, at the next annual meeting, and shall be there read by him. Section 5 provides that the board of auditors shall, at the same time and place as above, examine and audit all charges and claims against their respective towns, and the compensation of all town officers, except supervisors, for county services.

Then section 7 declares: "The said board shall make a certificate to be signed by a majority of said board, specifying the nature of the claim or demand, and to whom the amount is allowed; and shall cause said certificate to be delivered to the town clerk of said town, to be by him kept on file, for the inspection of the inhabitants of said town; and the aggregate amount shall be delivered to the supervisor, to be by him laid before the board of supervisors, at their annual meeting. * * The claims and compensation audited and allowed shall be read to the electors, at the next annual meeting, as directed in section four of this article."

Article 9 (Laws 1861, p. 231), defines the duties of town clerk, and contains no provision from which any such authority may be inferred.

After a careful examination of that statute, we are brought to the conclusion, that the order of the town clerk upon the supervisor to pay plaintiff the sum of one hundred and thirty-one dollars and eighty-four cents, for town tax paid in error for 1869, cannot be sustained as valid and binding on the town by any provision of the statute or the common law. What is meant by "town tax paid in error for 1869?" Was it paid in error of law or of fact? The case does not disclose. No proposition of law is better settled than that money voluntarily paid by one, with the knowledge, or means of knowledge, of the facts, cannot be recovered back again, on account of such payment having been made under an ignorance of the law. Bilbie v. Lumley, 2 East, 469; Brown v. McKinally, 1 Esp. 279; Pangburn v. Bull, 1 Wend. 345; Elston v. Chicago, *supra.*

The burden of proof was upon the plaintiff to make out his case by a preponderance of evidence. If he paid under a mistake of material facts, he should have shown it. The order,

therefore, was nugatory, both as respects the creation of a liability on the part of the town, or, as evidence of money had and received to plaintiff's use.

We are also of opinion that the document introduced in evidence, purporting to be a copy of the certificate of the board of auditors of claims audited, was wholly insufficient to support either count of the plaintiff's declaration, because the mere making and signing said certificate was but one step of several required by the statute, to bring the matter before the electors at their annual meeting, for their approval or disapproval. There is nothing in the certificate of the town clerk appended to such document, or in any evidence *aliunde*, tending to show that the original had ever been on file with the clerk for the inspection of the inhabitants of the town; or that it had ever been produced by the clerk or anybody else, and read to the electors, at their annual meeting, as required by the statute.

The doctrine is wholly inadmissible that the board of auditors can, by their mere act of auditing a claim, and making their certificate, create a legal liability on the part of the town, where such claim is without basis in law or fact. If it were shown that the tax in question was illegal and void; that the board of auditors delivered their certificate to the town clerk to be on file for the inspection of the inhabitants of the town; and that the clerk produced and read it to the electors, at their next annual meeting, and the latter, by a majority vote, had determined not to accept plaintiff's money, though voluntarily paid, and had ordered it returned to him, then there would be some ground for holding that an action brought by plaintiff, within five years, might be maintainable. The legal effect of a voluntary payment of a void tax by one having the knowledge, or means of knowledge, of the facts, seems to us, in one respect, to flow from principles similar to those which govern in making a parol gift of personal property, irrevocable as between the parties, where there is no fraud, and the donor not legally incapacitated, providing there is an actual delivery of the thing which is the subject-matter of the gift, by the donor to the donee, and an acceptance, express or implied, actual or

Town of Lyons v. Cook.

presumed, on the part of the donee.  Such a transaction operates as a complete transmutation of the property from the donor to the donee, without any good or valuable consideration.  Suppose A, with the intention of making a gift to B, should voluntarily deliver to the latter a hundred dollars in gold, and B actually or presumedly accepts it; would not the property in the gold thereby pass absolutely from A to B?  It would.  So, when one voluntarily pays a void tax to a town, the property in the money passes thereby to the town, unless the latter, by its constituent authority, refuses to accept, and orders its return.  But to return to the supposed case between A and B.  Suppose, after the delivery of the gold from the former to the latter, and the transaction became executed as a gift, *inter vivos*, that B should make a gratuitous promise to pay it back to A; could the latter maintain an action on that promise?  We think not, on the ground that there was no new consideration to support it.  So likewise of the void tax voluntarily paid; unless the presumed acceptance was rebutted by some definite action on the part of the electors at their annual meeting, no action of the board of auditors could furnish the foundation for any express or implied promise, on the part of the town, to repay it, because of a want of authority to give away the money or property of the town; and because, by the voluntary payment, the property in the money passed to the town, and it was not against equity and good conscience for the town to retain it.

We think the finding and judgment below were unsupported by evidence, wherefore the judgment must be reversed.

Reversed.