PHILO A. OTIS

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. TAXES—*what necessary to authorize recovery of taxes illegally collected.* To warrant a recovery from a municipality of taxes which have been illegally collected and paid over, the tax must have been illegal and void, paid under compulsion or what would be equivalent thereto, and received to the use of the municipality from the collecting officer.

2. SAME—*payment of taxes to prevent sale is not under compulsion.* A payment of illegal taxes to prevent a sale of the real estate is not under compulsion, but is regarded as voluntary.

3. SAME—*effect of voluntary payment of illegal taxes.* One who voluntarily pays illegal city taxes with full knowledge of all the facts cannot recover them back, nor can he have them set off against a school tax sought to be collected by a sale of the property.

4. SAME—*specification of school taxes as for "building purposes" and "educational purposes" is sufficient.* The statute having authorized a school tax levy for "building purposes" and for "educational purposes," the appropriation and tax levy ordinances are sufficiently definite if they specify the amounts required, respectively, for "building purposes" and for "educational purposes."

5. SAME—*what a sufficient description of property for taxation.* Any description by which property can be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient to sustain a tax levy; and the owner is bound by the description where he files a petition with the board of review to obtain a reduction of valuation, in which he employs the same description as that by which the property was assessed and taxed.

6. CONSTITUTIONAL LAW—*constitution does not require that number of section amended be specified.* The constitution does not require that the number of the section of the act to be amended be specified in the amendatory act, and hence if the subject matter of the act to be amended is expressed in the title of the amendatory act and the section amended is inserted at length therein, the fact that the wrong section number is given in the amendatory act does not render the amendment invalid, if there is no uncertainty as to what section was intended to be amended.

7. SAME—*amendment of School law by act of April 21, 1899, not invalid.* The act of April 21, 1899, purporting by its title to amend section 202 of article 8 of the School law of 1889 by permitting the levy of

a two and one-half per cent tax for educational purposes and the same for building purposes, instead of a two per cent tax for the former and a three per cent tax for the latter, is not invalid because the number "202" is inadvertently used for the number "1."

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

TAYLOR & MARTIN, for plaintiff in error:

The provisions in the City and Village act requiring the appropriation and tax levy ordinances to specify in detail the purposes for which the tax is levied are inserted for the information and benefit of the tax-payer. The tax must show upon its face that the money is to be raised and applied to some legal object and purpose. *Sank* v. *Philadelphia*, 4 Brewst. 133; *English* v. *People*, 96 Ill. 566; *State* v. *Sallman*, 37 N. J. L. 156; *State* v. *Sullivan*, 36 id. 89; *People* v. *Railway Co.* 116 Ill. 410; *Spring Valley. Coal Co.* v. *People*, 157 id. 543.

The words "building purposes," as used in the statute, refer especially to the building of school houses, while the words "educational purposes" apply to all other matters for which school taxes may be levied. *Railway Co.* v. *People*, 187 Ill. 289; *O'Day* v. *People*, 171 id. 293; *Knopf* v. *People*, 185 id. 20; *Railroad Co.* v. *People*, 163 id. 616.

The provisions in the statute requiring the appropriation and tax levy ordinances to set out the objects and purposes for which the tax is levied, and specify the same in detail, are mandatory. The power of the taxing authorities in such a case is limited by the manner and conditions prescribed for its exercise. The donee of such power should be held to the strict execution because of the liability of the power to abuse and the fact that it may result in the divestiture or transfer of property. *Sanderson* v. *LaSalle*, 57 Ill. 441; *Riverside Co.* v. *Howell*, 113 id. 256; *Chicago* v. *Blair*, 149 id. 310; *Drummond* v. *Cox*, 165 id. 648; *French* v. *Edwards*, 13 Wall. 506; *Chicago* v. *Wright*, 32 Ill. 192; *Butler* v. *Nevin*, 88 id. 575.

An act which attempts to amend a prior act by a section number which has no existence is invalid and void. *Kepley* v. *People*, 123 Ill. 367; *Railway Co.* v. *East St. Louis*, 134 id. 656; *Goodall* v. *People*, 123 id. 389; *Palmer* v. *Danville*, 166 id. 42.

Where payments are made upon an indebtedness, part of which is legal and part illegal, and a portion remains unpaid, in an action to enforce payment of said remainder the law will apply the payments made on the legal portions, leaving the illegal unpaid.   *Saylor* v. *Daniels*, 37 Ill. 331; *McCormick* v. *Nichols*, 19 Ill. App. 334; *Mitchell* v. *Lyman*, 77 id. 525; *Fowler* v. *Trust Co.* 141 U. S. 406.

The payment of taxes is not different from any other payment.   Payment may be proven by parol, like any ordinary debt, and a receipt is subject to explanation or contradiction by parol evidence.   *Rand* v. *Scofield*, 43 Ill. 167; *Parish* v. *Lewis*, 85 id. 597; *Sholl* v. *Coal Co.* 139 id. 21.

In proceedings for taxation the property must be described by reference to government surveys or by metes and bounds, or if it is divided into lots, then by reference to authenticated plats.   *Sanford* v. *People*, 102 Ill. 374; *Mix* v. *People*, 116 id. 278; *People* v. *Green*, 158 id. 594; *People* v. *Dragstran*, 100 id. 286; *People* v. *Rickert*, 159 id. 496; *Upton* v. *People*, 176 id. 634; *Vennum* v. *People*, 188 id. 158.

Edwin W. Sims, County Attorney, and Frank L. Shepard, Assistant County Attorney, for defendant in error:

The State, county, city, library, sanitary and park taxes, respectively, were each voluntarily fully paid by plaintiff, on his own motion, three months prior to the application of the collector for judgment for the unpaid school tax, which application for judgment was for the unpaid school tax only; and these taxes so voluntarily paid cannot be recovered by him in any proceeding, nor can their legality be questioned in this proceeding, nor a recovery had indirectly by an application upon the un-

paid school tax. *Walser* v. *Board of Education*, 160 Ill. 272; *Elston* v. *Chicago*, 40 id. 514; *Swanston* v. *Ijams*, 63 id. 165; *People* v. *Miner*, 46 id. 374; *Falls* v. *Cairo*, 58 id. 403.

Any description by which the property may be identified by a competent surveyor with reasonable certainty, with or without the aid of extrinsic evidence, will be sufficient. Rev. Stat. chap. 120, secs. 58, 62, 63, 66, 68; *Law* v. *People*, 80 Ill. 268; *Fowler* v. *People*, 93 id. 116; *People* v. *Stahl*, 101 id. 346; *Greenwood* v. *LaSalle*, 137 id. 225.

The school taxes were levied in accordance with the provisions of the statute. The act authorizing a levy of an amount not exceeding two and one-half per cent of the assessed value for building purposes and two and one-half per cent for educational purposes is valid, and the levy coming within these limitations is likewise valid. *Speight* v. *People*, 87 Ill. 600; *Kinnare* v. *Chicago*, 171 id. 332; *Fuller* v. *Heath*, 89 id. 296; *Smith* v. *People*, 154 id. 58; Laws of 1898, p. 54; Laws of 1899, p. 350; *Railroad Co.* v. *People*, 143 Ill. 434; *School Directors* v. *School Directors*, 73 id. 249.

The assessment meets all the requirements of the law, and the remaining unpaid tax should be sustained. *Mix* v. *People*, 116 Ill. 265; *Thatcher* v. *People*, 79 id. 597; *Buck* v. *People*, 78 id. 560; *Garrick* v. *Chamberlain*, 97 id. 620; *Lyle* v. *Jacques*, 101 id. 644; *Swinney* v. *Beard*, 71 id. 27; *Railway Co.* v. *People*, 171 id. 249; *Chiniquy* v. *People*, 78 id 570.

Mr. JÚSTICE HAND delivered the opinion of the court:

This is a writ of error to review a judgment for sale of certain real estate of the plaintiff in error located in the city of Chicago, rendered by the county court of Cook county for the delinquent school tax levied thereon for the year 1900, over the objections of the plaintiff in error. Taxes aggregating the sum of $7896.08 were levied on said real estate for that year, and on April 27, 1901, the plaintiff in error voluntarily paid to the county collector the State, county, city, library, sanitary district and South Park taxes in full, leaving unpaid thereon only

the tax levied for school purposes, which is for the sum of $3419.73, and for which amount, only, the county collector applied for judgment and order of sale.

It is first contended by plaintiff in error that a part of the city tax paid by him was invalid on the ground that the city of Chicago, at the time of the levy thereof, was indebted beyond the five per cent limit, as provided in section 12 of article 9 of the constitution, and it is urged that in case it should be found that any part of the school tax is valid, so much of the city tax as is found to be invalid should be applied in payment of the school tax, and that judgment should be rendered for only so much of the school tax as remains unpaid after the application of the city tax already paid by him which is found to be invalid. The plaintiff in error voluntarily paid to the county collector the city tax with a full knowledge of all the facts, and the same cannot be recovered back by him, neither can it be offset against the school tax sought to be collected in this proceeding. (*Elston* v. *City of Chicago,* 40 Ill. 514; *People* v. *Miner,* 46 id. 374; *Falls* v. *City of Cairo,* 58 id. 403; *Union Building Ass.* v. *City of Chicago,* 61 id. 439; *Swanston* v. *Ijams,* 63 id. 165; *Chicago, Burlington and Quincy Railroad Co.* v. *People,* 136 id. 660; *Walser* v. *Board of Education,* 160 id. 272.) In *Walser* v. *Board of Education, supra,* on page 276 it is said: "Money paid voluntarily by one with knowledge or means of knowledge of all the facts cannot be recovered back. (*Elston* v. *City of Chicago,* 40 Ill. 514; *Town of Lyons* v. *Cook,* 9 Ill. App. 543.) To recover from a municipality taxes illegally collected and paid over, the tax must have been illegal and void, paid under compulsion, or what would be equivalent thereto, [and] received to the use of the municipality from the collecting officer. (*Elston* v. *City of Chicago, supra; Railroad Co.* v. *Commissioners,* 8 Otto, 541; *Preston* v. *City of Boston,* 12 Pick. 15.) The tax in this case was illegal and void, and received from the collecting officer by and for the use of the municipality, as appears from the averments of this bill. This

would not be sufficient, but it must further appear the payment was compulsory. A payment made to prevent the sale of real estate for an illegal tax is not under compulsion, but must be regarded as voluntary.—*Stover* v. *Mitchell*, 45 Ill. 213; *Falls* v. *City of Cairo*, 58 id. 403; *Swanston* v. *Ijams*, 63 id. 165."

It is next contended that the school tax is invalid for the reason that the city council of the city of Chicago did not pass an appropriation ordinance and tax levy ordinance, as provided by section 2 of article 7 and section 1 of article 8 of the City and Village act, specifying in each of said ordinances the purposes, in detail, for which said school tax was to be used. It appears that the board of education of the city of Chicago on March 22, 1900, transmitted to the mayor and city council, in pursuance of the resolution of said board, the following requisition for school purposes for the year 1900, the same being an estimate by said board of education of the amount to be provided in the tax levy for 1900 for school purposes:

FOR BUILDING PURPOSES.

| | |
|---|---|
| New buildings, sites and permanent improvements | $2,500,000 |
| Parental school building | 200,000 |
| Total | $2,700,000 |
| Loss in collection | 160,000 |
| Total | $2,860,000 |
| Educational purposes | $7,450,000 |
| Less estimated revenue from other sources | 750,000 |
| Leaves a balance of | $6,700,000 |
| Loss in collection | 450,000 |
| Total | $7,150,000 |
| Bonded indebtedness and interest | 166,000 |

It further appears that on April 4, 1900, an appropriation ordinance was passed by the city council and approved by the mayor, making appropriations for corporate, school and public library purposes for the fiscal year from January 1, 1900, to December 31, 1900, which had incorporated therein the estimate of the board of

education of said city in substantially the same form that it was transmitted to the mayor and city council, and that on April 23, 1900, a tax levy ordinance was passed by the city council and approved by the mayor, whereby the sum of $18,384,195.36 was levied and assessed on all the real and personal property within the city for the current fiscal year, which had incorporated therein the estimate of said board of education in substantially the same form that it was transmitted to the mayor and city council, and which contained a direction to the city clerk to file a certified copy thereof with the county clerk of Cook county on or before the second Tuesday of August, 1900.

It is provided by section 1 of article 8, chapter 122, (Hurd's Stat. 1899, p. 1555,) that "for the purpose of establishing and supporting free schools, * * * repairing and improving school houses, * * * and for all other necessary incidental expenses in each district, village or city, anything in any special charter to the contrary notwithstanding, the directors of such district and the authorities of such village or city shall be authorized to levy a tax annually upon all the taxable property of the district, village or city * * * for educational and * * * for building purposes." By virtue of this statute the city is authorized to establish and support free schools, and for such purposes may levy a tax for educational and building purposes, and the statute having provided for a tax levy for "educational purposes" and "building purposes," and the appropriation and tax levy ordinances each having substantially specified the purposes for which the school tax in question was to be used, in the language of the statute, viz., "educational purposes" and "building purposes," we think said ordinances sufficiently definite in that particular.

It is further contended that the tax levy for educational purposes being more than two per cent of the taxable property of the city of Chicago as equalized by the State Board of Equalization for the year 1900, such ex-

cess cannot be collected, and in support of such contention it is said the various attempts of the legislature to amend the law increasing the right of taxation, for which a tax levy for educational purposes may be made, from two to two and one-half per cent, are illegal, and therefore a tax for educational purposes for more than two per cent cannot be levied. By section 1 of article 8 of "An act to establish and maintain a system of free schools," approved and in force May 21, 1889, a tax levy of two per cent for educational and three per cent for building purposes was authorized. On February 24, 1898, at a special session of the legislature, (Laws of 1898, p. 54,) an act was passed entitled "An act to amend an act entitled 'An act to establish and maintain a system of free schools,' approved and in force May 21, 1889." Section 1 of said act reads as follows: "Be it enacted by the People of the State of Illinois, represented in the General Assembly: That section 202 of an act entitled 'An act to establish and maintain a system of free public schools, approved and in force May 21, 1889,' be amended to read as follows:" Then follows section 2, which is section 1 of article 8 of the act of 1889 as amended, the only change made in the section as it stood in the act of 1889 being the addition thereto of the following proviso: "*Provided*, that the proper authorities in cities of over 100,000 inhabitants shall be authorized to levy a tax annually upon all taxable property of such city of not to exceed two and one-half per cent for educational and two and one-half per cent for building purposes, the valuation to be ascertained as hereinbefore provided."

In 1899 the legislature passed two acts upon the subject,—one on April 12, 1899, and one on April 21, 1899. The title and first section of the act of April 12, (Laws of 1899, p. 350,) are as follows:

"An act to amend article 8, section 202, of an act entitled 'An act to establish and maintain a system of free schools,' approved and in force May 21, 1889.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That article 8, section 202, of an act entitled 'An act to establish and maintain a system of free schools,' approved and in force May 21, 1889, be, and the same is hereby, amended so as to read as follows:"

Then follows section 2, which is a re-enactment of section 1 of article 8 as it stood prior to the amendment of February 24, 1898, with the exception that a tax levy of two and one-half per cent for educational and two and one-half per cent for building purposes was authorized, instead of two per cent for educational and three per cent for building purposes.

The act of April 21, 1899, which is the last act passed by the legislature, is in part as follows:

"An act to amend section 202, article 8, of an act entitled 'An act to establish and maintain a system of free schools,' approved May 21, 1889, and as the same is amended by an act approved February 24, 1898.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That section 202, article 8, of an act entitled 'An act to establish and maintain a system of free schools,' approved and in force May 21, 1889, and as the same is amended by an act approved February 24, 1898, be amended to read as follows:

"Sec. 202. For the purpose of establishing and supporting free schools for not less than six nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses in each district, village or city, anything in any special charter to the contrary notwithstanding, the directors of such district and the authorities of such village or city shall be authorized to levy a tax annually upon all the taxable property of the district, village or city not to exceed two and one-half

per cent for educational and two and one-half per cent
for building purposes (except to pay indebtedness con-
tracted previous to the passage of this act), the valuation
to be ascertained by 'the last assessment for State and
county taxes: *Provided*, that in cities having a popula-
tion exceeding 100,000 inhabitants the board of educa-
tion may establish and maintain vacation schools and
play grounds under such rules as it shall prescribe."

The act of 1889, as passed by the legislature, con-
tains no section 202, that number being the number sub-
sequently given to section 1 of article 8 of the act of 1889
by Starr & Curtis in the second edition of their annotated
statutes, and which evidently misled the legislature, and
caused it, in the various amendments to section 1 of arti-
cle 8 of the act of 1889, to refer to said section as section
202.    Said section 1 of article 8 of chapter 122 as found
in the statute as originally passed, and section 202 of
chapter 122 as found in Starr & Curtis, is the same sec-
tion.    We think the number 202, as used in the various
amendments of said section 1 of article 8 of the act of
1898, may be regarded as surplusage and as wholly im-
material in determining whether the act of April 21, 1899,
amending section 1 of article 8 of chapter 122, is now in
force.    The constitution nowhere provides that the sec-
tion of an act sought to be amended shall be indicated.
It requires that the subject matter of the act sought to
be amended shall be expressed in the title of the amend-
atory act and that the section amended shall be inserted
at length in the new act.    In the amendatory act of
April 21, 1899, both of these constitutional provisions
are fully complied with.    The subject matter of the act
sought to be amended is fully stated in the title and the
section sought to be amended is inserted at length in the
new act.    There is, therefore, no uncertainty in the act
of April 21, 1899, as to what section of chapter 122 of the
Revised Statutes the legislature, by the new act passed
upon that date, intended to amend, and where the inten-

tion of the legislature can be ascertained with absolute certainty courts will carry such intention into effect and hold the amendment valid. *Illinois Central Railroad Co.* v. *People*, 143 Ill. 434.

It is also contended that the descriptions of parts of said premises as set forth in the delinquent list, judgment record and collector's warrant are so defective as to invalidate said tax. The tracts are described as lot 1 in assessor's division of block 62, canal trustees' subdivision of the west half of section 27, township 39, range 14, town of South Chicago, county of Cook and State of Illinois; also the south eleven feet of sub-lot 4, and all of sub-lot 5, in assessor's division of lots 7 and 8, block 54, original town of Chicago, in section 27, township 39, range 14, town of South Chicago, county of Cook and State of Illinois. On the hearing, two plats were introduced in evidence and three witnesses were called by the defendant in error, all of whom were by occupation and long continued service shown to be practicing surveyors, who testified from the descriptions given and the plats shown them they could identify and locate the tracts in question. The plaintiff in error was also called and examined as a witness, and testified that the first tract was located on the south-east corner of Indiana avenue and Twenty-fifth street, in the city of Chicago; that it was improved; that it has a frontage of 66⅔ feet on Indiana avenue and 188.1 feet on Twenty-fifth street, and that the second tract has a frontage of 38 feet on Wells street, (now Fifth avenue,) in the city of Chicago; and a depth of 80.75 feet, and that it is covered by a single improvement, consisting of a four-story brick building known as Nos. 128 and 130 Fifth avenue, which descriptions correspond with the plats. The plaintiff in error appeared before the board of review of Cook county and sought to obtain a reduction in the valuation placed upon said tracts by the board of local assessors for the year 1900, and filed with said board of review a petition in writing

asking for such relief, in which petition he employed the same descriptions which were used in making the assessment and tax levy on said tracts for that year. It also appeared that said tracts had been assessed to plaintiff in error by said descriptions and the taxes levied thereon paid by him for the ten years preceding the year 1900.

Any description by which property can be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient to sustain a tax levy. (*Law* v. *People*, 80 Ill. 268.) The tracts in question were assessed in the name of the plaintiff in error, and the plats introduced in evidence, with the plats of the original subdivisions of the portions of the city in which they are located, respectively, in connection with the testimony of the plaintiff in error, made the descriptions of said tracts full, complete, definite and accurate, and so certain that any competent surveyor could readily have located the same as the property assessed, and that is sufficient. When the plaintiff in error appeared before the board of review that body had power to correct the descriptions of said tracts, if wrong. As the plaintiff in error made no complaint that they were improperly described, but described the same in his petition to said board in accordance with the descriptions by which they had been assessed by the board of local assessors, which descriptions were shown by the recorded plats thereof then on file in Cook county for the purposes of said assessment, he voluntarily acknowledged said plats, and as the evidence shows he is the owner of said tracts, and there is no claim that they have been assessed to any one else or that the school tax levied thereon for the year 1900 has been paid, he must be held bound by the assessment. *Law* v. *People, supra; Colcord* v. *Alexander*, 67 Ill. 581.

We find no reversible error herein. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*