HENRY PARISH *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed June 16, 1903.*

This case is controlled by the decision in *Otis* v. *People ex rel.* 196 Ill. 542.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

TAYLOR & MARTIN, for plaintiffs in error.

EDWIN W. SIMS, County Attorney, and FRANK L. SHEPARD, for defendant in error.

Per CURIAM: This is a proceeding by the county treasurer and *ex officio* county collector of Cook county for judgment and order of sale against property of objectors for unpaid school taxes for the year 1900. Application was made for judgment and order of sale, returnable to the July term of the county court, 1901. The plaintiffs in error filed two objections, as follows: (1) That at the time the appropriations and tax levy ordinances were passed, and previous thereto, the city of Chicago was indebted in excess of its constitutional limit; that for this reason various items in said ordinances are illegal; that under this head fall all items for the payment of unpaid bills of prior years, for the payment of interest in excess of the interest payable upon the lawful interest bearing indebtedness of the city, and, in addition, that certain items are not stated in detail and are illegal, and that certain items are for payment of money which could not be applied to lawful corporate purposes; (2) the appropriation and tax levy ordinances in respect to the tax for school purposes are uncertain and the items are not specified in detail, as required by law; that the amount appropriated for educational purposes contains items for building purposes, and *vice versa.* At the hearing these objections were overruled. Plaintiffs in error also sought to obtain credit for 13.5 per cent of the city tax which they claimed was illegally levied, but their contention in this behalf was denied and judgment entered for the tax.

This case, in all its features, is like the case of *Otis* v. *People ex rel.* 196 Ill. 542, which case was thoroughly and fully considered by this court, and all the contentions made in the case at bar were urged in that case and decided adversely to the contentions of plaintiffs in error. We consider that case as decisive of the case at bar, and accordingly affirm the judgment of the county court of Cook county.         *Judgment affirmed.*