## National Bank of the Republic v. F. W. Young, for use of Berriman Bros.

### Gen. No. 12,012.

1. EXECUTION—*what not subject to.* Money on deposit in a bank is not subject to levy upon execution, and a payment by the bank upon demand of the sheriff, pursuant to execution against a depositor having funds on deposit, is, in law, a voluntary payment, unless made by the previous consent or subsequent ratification of such depositor.

Garnishment proceeding. Appeal from the Circuit Court of Cook
County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in
this court at the October term, 1904. Reversed and judgment here.
Opinion filed December 4, 1905.

PHELPS & CLELAND, for appellant.

SAMUEL J. HOWE, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of
the court.

May 14, 1901, Edward Berriman and Matthew Berri-
man recovered judgment against F. W. Young, in the Circuit
Court of Cook county, for the sum of $236.25. Execution
was issued on said judgment and was returned by the sheriff,
no property found and no part satisfied. May 14, 1901,
garnishee summons was issued for appellant and others, on
the judgment, and was served on the appellant the same
day. June 18, 1901, appellant filed its answer to inter-
rogatories to it, as garnishee, stating in substance that, at the
time of service of the writ, it had no property, money or
effects of F. W. Young in its possession or control. The
answer was traversed and a trial had, and the jury, by di-
rection of the court, found the issues for the plaintiff, and
that there was due and owing from appellant to F. W.
Young the sum of $324.09, at the time of the service of the
writ, and the court, after overruling a motion for a new trial,
entered judgment on the verdict.

Appellant's counsel states the case as follows:

"The undisputed facts in the case are that F. W. Young,
who conducted a restaurant in the city of Chicago, had on
deposit with the National Bank of the Republic on May 10,
1901, the sum of $774.09. On that date two justice court
writs of attachment against Young were served on the bank
as garnishee, one of said writs being for the sum of $150
and one for the sum of $200, which respective amounts the
bank charged against Young's account, together with $50 ad-
ditional in each case to cover costs and attorney's fees.
Young afterward confessed judgment in these two attach-

ment cases and judgment was rendered against the bank as garnishee for $150 and $200 respectively, and costs, which, amounting with attorney's fees to $450, the bank paid, and the propriety of such payments is not questioned in this proceeding. This left the sum of $324.09 in the bank to the credit of Young, and on May 11, 1901, an execution for the sum of $4,700.23 was issued against Young in favor of H. H. Pattee and delivered to the sheriff of Cook county for service. The sheriff went to the appellant bank and demanded the said sum of $324.09 to apply on said execution. Thereupon the bank turned over the said amount to the sheriff, charging the same against Young, and closing his account, and the sheriff made on said execution the following return: 'I have this day levied upon and taken as the property of F. W. Young, $342.09 by virtue of execution No. 79570, Circuit Court of Cook county, issued May 11, 1901. Charles A. Wathier, Deputy Sheriff.' Three days later the garnishment in the present suit was served on the bank, which answered as above stated that it had no money or other assets belonging to said Young."

This statement is sustained by the evidence.

There is not a particle of evidence that F. W. Young, prior to May 14, 1901, or on that day, gave any order to the bank to pay any money to the sheriff, or approved or assented in any way to the action of the bank in turning over the money to the sheriff on the execution in favor of Pattee. It is true that Young testified that at the time the garnishment suit was brought appellant owed him nothing, but this, as will be shown, was a mere conclusion of law. When Young deposited his money in the bank it became the bank's money, and the sheriff could not levy on it as the property of Young. These propositions are not contested by appellant's counsel. When Young deposited his money with appellant the relation between him and appellant was that of creditor and debtor. Marine Bank of Chicago v. Chandler, 27 Ill., 525, 547; E. J. Tinkham & Co. v. Heyworth, 21 Ill., 519; Ward v. Johnson, 95 Ill., 215, 241.

In Munn v. Burch, 25 Ill., 35, the court, after referring

to the custom of banks as to payment of checks, say: "It shows us that the banker, when he receives the deposit, agrees with the depositor to pay it out on the presentation of his checks, in such sums as those checks may call for, and to the person presenting them, and with the whole world he agrees that whoever shall become the owner of such check, shall, *upon presentation*, thereby become the owner, and entitled to receive the amount called for by the check, provided the drawer shall at that time have that amount on deposit." Ib. 40.    The case is referred to in Gage Hotel Co. v. Union Nat. Bank, 171 Ill., 531, as the leading case in this country, stating the nature of the contract.    Young's money having become appellant's by his depositing it with appellant, when it turned over to the sheriff $324.09, the amount of Young's balance in the bank, without any check, order, direction or assent of any kind from Young, it turned over its own money, not Young's, and placed itself in the position of voluntarily, and without request, paying another's debt. "Money paid voluntarily by one with knowledge, or means of knowledge, of all the facts, cannot be recovered back." Walser v. Board of Education, 160 Ill., 272, 276, citing Elston v. City of Chicago, 40 Ill., 514.

The supposition that a bank may voluntarily pay the debts of its depositors, without any request so to do, cannot be entertained for a moment.    If such were the law, bank deposits would rapidly cease.    No one would make deposits in a bank if such were the law.

Counsel for appellant asked the cashier of the bank, "Has Mr. Young made any claim against your bank since the 14th day of May, 1901?" "I will ask you whether or not Mr. Young has, to your knowledge, a claim of any kind against your bank?" The court ruled against both questions. Counsel made no offer of proof. They say here: "If Young had made no claim against the bank since its payment to the sheriff, this was a circumstance which the defendant was entitled to have go to the jury for what it was worth, with all the other evidence in the case, as showing no indebtedness of the bank to Young." We do not concur in this view. The

National Bank v. Young.

money was turned over to the sheriff May 11, 1901, the writ of garnishment was served May 14, 1901, and it does not even appear that Young, at the last date, knew of the money having been paid to the sheriff. But mere silence on Young's part, or failure to make a demand, after service of the writ, and after the right of the judgment creditors had accrued, would not avail the appellant. There is no escape from the facts, that, at the time the writ was served appellant had not paid to the sheriff Young's balance at the bank, $324.09, but had paid to the sheriff a like sum of its own money, so that, at the time of the service of the writ, there remained in the bank $324.09 to Young's credit. There can be no doubt, on the facts, that Young could have recovered this amount from appellant, and if he could, in a suit instituted by himself, then the judgment creditors can recover in his name, for their use. Young's testimony on the trial, that he had no claim against appellant, and that appellant did not owe him anything, may well be considered as a ratification of the action of appellant as to the remainder of the $324.09, after deducting therefrom the amount of the judgment of the Berrimans and interest thereon; but it is ineffective as to the amount of that judgment and interest. We think, therefore, that there should be no judgment for such remainder. We are not inclined to force a judgment against the appellant on Young, for his own use. Therefore, the judgment will be reversed and judgment will be entered here, in the name of F. W. Young, for the use of Edward C. Berriman and Matthew W. Berriman, for the sum of $236.25, with interest at the rate of five per cent. per annum since May 14, 1901, amounting in all to $289.95. Appellee to recover his costs in this court, for the use of the Berrimans.

*Reversed and judgment here.*