J. J. WALSER *et al.*

*v.*

THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 1.

*Filed at Ottawa November 1, 1895—Rehearing denied March 13, 1896.*

1. TAXES—*levied in wrong town by mistake—right of town to recover.* A school district cannot, if it can recover at all, recover from another district, which has collected taxes upon lands within the former through a mistake of the clerk as to the location of the lands, a greater sum than it has levied and would have collected had there been no mistake.

2. SAME—*fact that rate of tax is made higher does not control.* A school district which has collected its full tax levy cannot recover from another district taxes collected by it upon lands within the former through a mistake of the clerk as to the location of the lands, although the rate per cent of the tax as extended in the former was thereby made greater than it otherwise would have been.

3. SAME—*school district not a trustee for excessive taxes collected.* A school district does not become a trustee for one tax-payer of an excessive amount collected from another.

4. SAME—*voluntary payment of school tax to wrong district not recoverable.* Tax-payers in one school district who voluntarily pay a tax levied by mistake upon their lands, to another district, cannot recover back the same, where the books were kept open and means of knowledge of all the facts existed, although they supposed they were paying the tax of the district in which their lands lay.

*Board of Education v. Board of Education,* 57 Ill. App. 288, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

CRAFTS & STEVENS, for appellants:

A court of equity will interfere by injunction to prevent the collection of an illegal tax or a tax levied upon exempt property. *Lemont* v. *Stone Co.* 98 Ill. 94; *Irvin* v. *Railroad Co.* 94 id. 105; *Drake* v. *Phillips,* 40 id. 388; *Vieley* v. *Thompson,* 44 id. 9; *Kimball* v. *Trust Co.* 89 id. 611; *Lebanon* v. *Railway Co.* 77 id. 539; *Lawrence* v. *Traner,* 136 id. 474; *School Directors* v. *School Directors,* 135 id. 464.

Equity will always assert jurisdiction where the remedy at law is obscure or doubtful.    1 Story's Eq. Jur. sec. 33, p. 24.

HENRY R. PEBBLES, for appellees :

The parties who paid the taxes in question having done so voluntarily, and with full knowledge, or means of knowledge, of all the facts, cannot now recover back what they paid.    *Town of Lyons* v. *Cook*, 9 Ill. App. 543; Cooley on Taxation, 565, and cases in notes; *Elston* v. *Chicago*, 40 Ill. 514; *Chicago* v. *Bank*, 11 Ill. App. 165.

The sale of real estate for an illegal tax or judgment is to be regarded as voluntary, and not under compulsion. Such sale, if made, would not disturb the owner in the enjoyment of his property, and if illegal, his remedies would be preserved to him.    *Swanston* v. *Ijams*, 63 Ill. 165; *Stover* v. *Mitchell*, 45 id. 213; *Falls* v. *Cairo*, 58 id. 403; *Lange* v. *Soffel*, 33 Ill. App. 624; *Elston* v. *Chicago*, 40 Ill. 514; *Town of Lyons* v. *Cook, supra.*

Mr. JUSTICE PHILLIPS delivered the opinion of the court :

Five residents and tax-payers of school district No. 2, township 39, north, range 13, east, Cook county, Illinois, with the board of education of that district, exhibited their bill in the circuit court of Cook county in behalf of themselves and all other tax-payers of that district, making defendants the board of education of district No. 1 of the same township and the treasurer of the latter township.    The facts alleged in the bill, briefly stated, are, that by mistake of the county clerk of Cook county certain described real estate in fact located in district No. 2 was entered upon the collector's book of 1890 as lying and being in district No. 1, where the same was taxed, and school taxes to the amount of $2195.90 were collected and paid over to the treasurer of the latter district, and paid out on orders of that district.    The

160—18

tax-payers who owned the above land had no knowledge of the mistake so made by the county clerk, and, knowing that their land was liable to taxation for school purposes in school district No. 2, paid their tax when called upon by the collector, supposing that they were paying school tax for said district No. 2, and did not discover or know of the mistake until there had been collected by the collector all the tax on said land, amounting to the sum of $2195.90, and paid over to the treasurer to the credit of said school district No. 1. As soon as the error was discovered, demand was made upon the board of education of said school district No. 1 for a return of the money so wrongfully received by it, which demand it refused to comply with.

The defendants filed general demurrers to the amended bill of complaint, which demurrers the court sustained, and entered an order dismissing the bill and amended bill for want of equity. On appeal to the Appellate Court for the First District the decree was affirmed, and from the judgment of affirmance this appeal is prosecuted.

By the provisions of the act in relation to schools it became the duty of the proper officers of the district to levy a tax upon the property in the district and certify the same to the clerk, whose duty it was to compute and extend the tax on the taxable property of each person in the district. Had no mistake been made by the clerk, the tax on the property in school district No. 2 would have been at the rate of about 1.88 per cent, as appears by the averments of the bill, but the rate extended, by reason of such mistake, was slightly more than 1.99 per cent, and the amount levied on the property in district No. 1, as extended, was at the rate of about 3.29 per cent. The actual amount extended on the books, and thus collected by the treasurer of district No. 1 on property belonging to district No. 2, was about $2195.90, whilst if the tax as assessed in district No. 2 had been extended on that property there would have been ex-

tended and collected for district No. 2 about the sum of $1255. The sum actually collected from the owners of the property by reason of the mistake of the clerk was about $940 more than would have been collected had no such mistake been made. The bill seeks to recover the amount actually collected by the treasurer of district No. 1 on the property belonging to district No. 2, included in No. 1 by the mistake of the clerk.

Even conceding a right of recovery, under no circumstances could a right exist in district No. 2 to collect a greater sum than it would have collected had there been no mistake by the clerk. The full amount of the levy made by the board of education of district No. 2 was computed, extended and collected on the property in the district other than that described on the collector's books as in district No. 1. No part of the levy as made by the district is unpaid. No right exists to recover more than the amount levied, and to hold the bill sufficient would authorize a recovery of a greater amount by indirection. District No. 2, under the averments of this bill, shows no right of recovery. Whilst the mistake of the clerk caused the rate per cent of tax as computed and extended on property in district No. 2 to be greater than it would otherwise have been, yet the relation of one tax-payer to another is not such as would authorize one to recover from another because of a mistake in assessment by either omission of property from the collector's books by mistake, or by mistake in assessment or false or fraudulent valuation. The relation of the tax-payer is to the municipality, and as to each other a relation exists only by or through the municipality. The duties of the municipality are determined by law, and it may be required to discharge those duties, and it does not become a trustee for one tax-payer of the money collected from another.

The tax levied by district No. 1, as extended on lands belonging to district No. 2, was an illegal and void tax. That tax was paid by the owners of the property so

illegally assessed, voluntarily. The books were open to inspection by the tax-payers, and the means of knowledge existed to learn and know all the facts. Money paid voluntarily by one with knowledge or means of knowledge of all the facts cannot be recovered back. (*Elston* v. *City of Chicago*, 40 Ill. 514; *Town of Lyons* v. *Cook*, 9 Ill. App. 543.) To recover from a municipality taxes illegally collected and paid over, the tax must have been illegal and void, paid under compulsion, or, what would be equivalent thereto, received to the use of the municipality from the collecting officer. (*Elston* v. *City of Chicago*, *supra; Railroad Co.* v. *Comrs.* 8 Otto, 541; *Preston* v. *City of Boston*, 12 Pick. 15.) The tax in this case was illegal and void, and received from the collecting officer by and for the use of the municipality, as appears from the averments of this bill. This would not be sufficient, but it must further appear the payment was compulsory. A payment made to prevent the sale of real estate for an illegal tax is not under compulsion, but must be regarded as voluntary. (*Stover* v. *Mitchell*, 45 Ill. 213; *Falls* v. *City of Cairo*, 58 id. 403; *Swanston* v. *Ijams*, 63 id. 165.) A payment thus voluntarily made not being recoverable from the municipality by the tax-payer, and not having been paid for the use of another municipality or person in law or fact, no recovery can be had therefor.

No question is presented in this record as to the right to restrain, by injunction, the collection of an illegal tax. The only question here is the right of complainants to recover the amount of an illegal tax paid. All questions in reference to the levy and collection of taxes are statutory, and the rights and duties of the municipality are thus prescribed. The rule that an illegal and void tax voluntarily paid cannot be recovered from the municipality by the person paying being settled by the adjudications of this court, it must be held that what cannot be done directly cannot be done by indirection. No right exists in other tax-payers to recover such vol-

untarily paid tax.   If there is an advantage acquired by the municipality receiving such tax and a deprivation of a right of another municipality, the remedy to be provided is by legislative action.   The bill did not state a cause of action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*