CHARLES B. EGGLESTON *et al.*

*v.*

THE ROYAL TRUST COMPANY.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*when Appellate Court cannot dismiss an appeal of its own motion.* If the Appellate Court has general jurisdiction of the subject matter and acquires jurisdiction of the particular action by the filing of the transcript of the record, it is without power to dismiss the appeal, *of its own motion,* because of defects in the appeal bond.

2. SAME—*objections to an appeal bond are waived by joinder in error.* Objections to the sufficiency of an appeal bond are waived by the joinder in error of the party for whose benefit the bond was given and the submission of the cause to the court upon errors assigned.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

N. M. JONES, for plaintiffs in error.

GEORGE I. HICKS, (HAMLINE, SCOTT & LORD, and W. L. GROSS, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 30, 1899, the circuit court of Cook county entered a judgment in favor of defendant in error, against plaintiffs in error, for $17,587.50. At the same term plaintiffs in error entered their motion in said court to set aside said judgment, which motion was continued to the next term, when it was heard and denied. Plaintiffs in error excepted to the ruling and order of the court and prayed an appeal to the Appellate Court for the First District, which was allowed upon filing their appeal bond in the sum of $19,000, to be approved by the court, within twenty days and their bill of exceptions within sixty

days. The appeal was allowed on November 11, 1899, and the appeal bond was approved by the court and filed on November 27, 1899, in pursuance of the order allowing the appeal. The bill of exceptions was filed on December 7, 1899, within the time allowed by the order of the court. A transcript of the record of the circuit court, with an assignment of errors thereon, was regularly filed in the Appellate Court. Defendant in error appeared as appellee in that court and joined in error, and the case was submitted to the Appellate Court for decision upon the errors assigned and was taken under advisement by the court. Afterward the Appellate Court dismissed the appeal on its own motion for want of jurisdiction, on the ground that the appeal bond recited the recovery of the original judgment and an appeal therefrom, instead of an appeal from the order denying the motion to set aside the judgment. The writ of error in this case was sued out to review the judgment of the Appellate Court dismissing the appeal.

When an appeal is not within the jurisdiction conferred by statute upon the Appellate Court that court can have no authority to hear and determine it, and in such a case, upon discovering its want of jurisdiction of the subject matter, may dismiss the appeal. Jurisdiction of the subject matter is given only by law and cannot be conferred by consent, and if an appellant has no right to an appeal in a particular case the court may dismiss the appeal on its own motion. (*Wright* v. *People,* 92 Ill. 596; *Millard* v. *Board of Education,* 116 id. 23; *Swift* v. *People,* 160 id. 561; *Evans* v. *Pierce,* 163 id. 207; 2 Ency. of Pl. & Pr. 336.) The Appellate Court had jurisdiction of the general subject involved in the appeal to that court, and it acquired jurisdiction of the particular action by filing the transcript of the record. It had full jurisdiction to decide the case. A motion to dismiss was the proper remedy for appellants' failure to file the proper bond. The failure to file a bond in compliance with the order is ground for

dismissing the appeal upon such motion. (*Carson* v. *Merle*, 3 Scam. 168.) If such a motion is made, the law does not intend that where a party has in good faith attempted to take an appeal, his appeal shall be dismissed without giving him an opportunity to file a good and sufficient bond. Section 69 of the Practice act provides that no appeal to the Appellate Court shall be dismissed by reason of any informality or insufficiency of the appeal bond, if the party taking such appeal shall, within a reasonable time to be fixed by the court, file a good and sufficient bond to be approved by the court. In this case there was an attempt to perfect the appeal by filing the bond, and it was taken and approved by the circuit court as a proper bond, in compliance with the order allowing the appeal. The appeal could not be dismissed, on motion, on account of the insufficiency of the bond without giving the appellants opportunity to file a proper bond. If a motion to dismiss on account of an insufficient bond is made it must be presented in apt time. (*Price* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44.) In this case it was not made at all, and the judgment of the Appellate Court in dismissing the appeal was wrong. If there was any objection to the bond it was waived by the joinder in error of the party for whose benefit the bond was given and the submission of the cause to the court for decision upon the errors assigned. The conclusion of the Appellate Court that it was without jurisdiction of the cause was an error.

The judgment of the Appellate Court dismissing the appeal is reversed and the cause is remanded to that court, with direction to consider and determine the cause upon the error assigned upon the record.

*Reversed and remanded.*