### THE WABASH RAILROAD COMPANY

*v.*

### THE PEOPLE *ex rel.* Samuel M. Funk, County Collector.

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

1. TAXES—*when assessment as for "omitted taxes" cannot be sustained.* An assessment against a railroad company as for "omitted" school taxes is not authorized by sections 278 and 279 of the Revenue act, where all school taxes levied upon the property during such years have been paid to the district for which they were levied although the levy was made for the wrong district, and where all school taxes levied for the right district have been extended against other property than that of the railroad company and been paid. (*Ohio and Mississippi Railway Co.* v. *People*, 123 Ill. 648, followed.)

2. SAME—*county court cannot perform assessor's duties on application for sale.* If the local assessor, in making an assessment against railroad property, fails to so describe the property assessed as to show that it does not embrace any property properly assessable as "railroad track," the county court, on application for judgment of sale, has no power to classify the property as "railroad track" and real estate other than "railroad track," apportion the taxes according to such classification and render judgment for the amount it finds properly due upon real estate other than "railroad track."

3. APPEALS AND ERRORS—*when objection that an appeal was improperly allowed comes too late.* An objection that an appeal was improperly allowed comes too late where no motion was made to dismiss the appeal, briefs are filed by both parties and the case is submitted to the court for decision upon the errors assigned.

APPEAL from the County Court of Piatt county; the Hon. F. M. SHONKWILER, Judge, presiding.

C. N. TRAVOUS, (W. E. LODGE, of counsel,) for appellant.

GEORGE W. FISHER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Piatt county for a judgment of sale against certain railroad property of appellant, situated in the east half of sections 25 and 36, in township 17, range 5, in said county, reported delinquent for omitted school taxes in school district No. 2, in said township, for the years 1892 to 1898, inclusive; also against the north-west quarter of the north-east quarter and the north half of the north-west quarter of section 24, in said township, for alleged delinquent taxes for the year 1900. The appellant appeared and filed various objections to the application for judgment, but the court overruled all of its objections and rendered judgment against its property located in the east half of sections 25 and 36 for $1822.78 for omitted school taxes for said seven years; also for $26.48 against the north-west quarter of the north-east quarter, and $33.07 against the north half of the north-west quarter of section 24, for delinquent taxes for the year 1900, and the record has been brought to this court for further review.

It appears from the evidence introduced on the hearing in the county court that appellant's railroad runs through the east half of said sections 25 and 36; that prior to the year 1892 the east half of said sections was within the limits of school district No. 4 in said township 17; that in April, 1892, the boundaries of the school districts in said township were so changed that the east half of said sections became a part of school district No. 2, and so continued during the years in question; that notwithstanding such change the county clerk of said county continued to levy the taxes for school purposes against appellant's property in the east half of sections

25 and 36 for the years 1892 to 1898, inclusive, in favor
of school district No. 4, of which district the east half of
sections 25 and 36 had formerly been a part; that appel-
lant's property in said sections 25 and 36 was assessed
for the years 1892 to 1898, inclusive, for State, county
and township purposes, including school taxes in said
district No. 4, and were paid by appellant, and that the
school taxes so levied and collected were turned over to
and received by district No. 4; that during the years 1892
to 1898, inclusive, the taxes for school purposes levied by
school district No. 2 were extended against property in
that district other than that of appellant located in sec-
tions 25 and 36, and paid in full by those persons against
whose property it was extended, and turned over to
school district No. 2, and that said district No. 2 has re-
ceived in full all of the school taxes levied in said school
district for said years from persons other than appel-
lant, and that the purpose of this proceeding is to obtain
judgment against the property of appellant located in
the east half of sections 25 and 36, as omitted property,
for the taxes which should have been assessed against
its property located in said sections for the years 1892
to 1898, inclusive, in favor of school district No. 2.

It is first contended that the judgment of the county
court may be sustained under sections 276 and 277 of the
Revenue law.    (Hurd's Stat. 1899, p. 1441.)    Section 276
is as follows: "If any real or personal property shall be
omitted in the assessment of any year or number of years,
or the tax thereon, for which such property was liable,
from any cause has not been paid, or if any such prop-
erty, by reason of defective description or assessment
thereof, shall fail to pay taxes for any year or years, in
either case the same, when discovered, shall be listed and
assessed by the assessor and placed on the assessment
and tax books.    The arrearages of tax which might have
been assessed, with ten per cent interest thereon, from
the time the same ought to have been paid, shall be

charged against such property by the county clerk." The railroad property of appellant located in the east half of said sections 25 and 36 was not omitted in the assessment, as it was assessed in each of the years of 1892 to 1898, inclusive. All taxes levied upon said property during those years were paid and there was no defective description of said property. The section above quoted does not, therefore, authorize the assessment of said property as omitted property.

Section 277 is as follows: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." No school tax having been levied on the property during the years in controversy in favor of school district No. 2, and the tax levied thereon in favor of district No. 4 having been paid, there was no tax on said property to be prevented from being collected by reason of an erroneous proceeding or other cause, as specified in said act. There is, therefore, no authority contained in this section which will authorize the assessment of school taxes in favor of school district No. 2 upon said property for the years in controversy.

In *Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 648, the highway commissioners of a township located in Wayne county from 1875 to 1883, inclusive, levied the necessary road taxes annually upon all the taxable property in their town, except the property of the Ohio and Mississippi Railway Company, which was overlooked. In 1886 the omission was discovered, and the commissioners then made out lists for the several districts, of the property of said railway company for each year from 1875 to 1883, inclusive, and ordered that the road taxes for said years be levied against the property of the com-

pany, which were extended accordingly. It appeared that the railroad was assessed for each of said nine years for State, county and township taxes, except district road taxes, and that it paid in each of said years all taxes assessed against it. It was held that as said railroad property was not omitted in the assessment for any year or number of years, as all taxes levied upon the property had been paid each year, as there was no defect in the description of the property, and as no road tax had been assessed or levied upon the property during the nine years, sections 276 and 277 of the Revenue law did not authorize the assessment of said property for the years 1875 to 1883, inclusive, as omitted property, and the tax was defeated. That case is conclusive against the right of school district No. 2 to assess appellant's property in the east half of sections 25 and 36 for the years 1892 to 1898, inclusive, as omitted property.

The record shows that school district No. 2 has collected all the taxes levied by it for the years of 1892 to 1898, inclusive, and it is of no consequence that taxes which might have been charged against appellant's land were charged against other lands, provided such taxes have been paid. Payment satisfies the taxes and discharges the land and the owner, (*Morrison* v. *Kelly*, 22 Ill. 610; *Hudson* v. *People*, 188 id. 103;) and the full amount of the levy, as made by the district, having been paid, no right exists to recover more than the amount levied. *Walser* v. *Board of Education*, 160 Ill. 272.

The property located in section 24 is used, at least in part, for right of way purposes by appellant, its main and side-tracks, station, freight house, cattle chutes, etc., being located thereon, and was returned by appellant as "railroad track," and assessed by the State Board of Equalization as such for the year 1900. It was also assessed for said year by the local assessor, the taxes for which application for judgment of sale was made being those based upon the assessment made by the local as-

sessor. On the application for judgment the county court undertook to apportion the taxes based upon the assessment of the local assessor by deducting from the assessment made by him the proportion of each of said tracks which it deemed was properly assessable as "railroad track," and after making such reduction rendered judgment for the amount of taxes which it found to remain due. If any portion of the lands of appellant in section 24 was not used by it as "railroad track" within the meaning of the Revenue law, it should have been assessed by the local assessor. In making said assessment he should, however, have so described the lands as not to have embraced therein any portion thereof which was properly assessable as "railroad track," otherwise a portion of the land of appellant would have been made liable to a double assessment. This he failed to do. The court, under the constitution, upon application for sale, had no power to make an assessment for taxation, and the attempt to separate said lands by classifying them into "railroad track" and real estate other than that denominated "railroad track" was made without authority of law; nor could the court apportion the taxes upon the basis of said classification so as to enable it to render judgment for the amount which it found properly due upon said real estate other than that denominated "railroad track." *Chicago and Alton Railroad Co.* v. *People,* 99 Ill. 464.

It is objected by the appellee that the appeal in this case was improperly allowed. No motion was made to dismiss the appeal, briefs were filed by both parties and the case submitted to the court for decision upon the errors assigned. The objection comes too late. *Eggleston* v. *Royal Trust Co.* 192 Ill. 101.

The judgment of the county court is reversed.

*Judgment reversed.*