Cincinnati, Indianapolis and Western Railway Co.

*v.*

The People *ex rel.* I. N. Biebinger, County Treasurer.

*Opinion filed December 22, 1904.*

Taxes—*what does not preclude collection of tax.* The fact that a county has already collected from persons taxed at too high a rate more than the total amount which it could levy at a legal rate does not preclude the collection from an objecting tax-payer of his just proportion of the tax assessed against his property at the legal rate.

Appeal from the County Court of Piatt county; the Hon. F. M. Shonkwiler, Judge, presiding.

George W. Fisher, and James L. Hicks, for appellant.

H. J. Hamlin, Attorney General, and Chas. F. Mansfield, State's Attorney, for appellee.

Mr. Chief Justice Ricks delivered the opinion of the court:

This is an appeal from a judgment against the appellant for a county tax, rendered by the county court of Piatt county, through which the appellant owns and operates its railroad. It was assessed by the State Board of Equalization for the year 1903, upon which valuation taxes for county and other purposes were extended, the county tax amounting to $524.53. The resolution of the board of supervisors directing the levy, provided "for current expenses $34,000; for the payment of bonds issued to build court house and repair jail, Nos. 1 to 10, $10,000, and $6000 interest accrued and accruing thereon," making the total amount of levy $50,000, and in order to produce the amount of the levy it was necessary for the county clerk to extend the tax at the rate of eighty cents on each $100 of the total valuation for 1903, which total valuation amounted to $6,420,466, making the total county tax $51,441.17, and

being $1441.17 more than required by the board to collect
and $3287.59 in excess of the amount which a rate of sev-
enty-five cents on the $100 would produce. Appellant re-
fused to pay the county tax extended against its property,
and on application of the county collector to the June term
of the county court for judgment and order of sale, filed its
objections in writing, the principal objection, and the only
one relied on, being, in substance, as follows: The county
of Piatt having heretofore received and collected the full
amount which it is authorized by law to levy or collect for
the year 1903, no authority exists to collect more from this
objector, and that the county has already received more tax
than it was authorized to levy and collect for the year 1903.
Upon a hearing, judgment was rendered sustaining the ob-
jections to the extent of five cents on each $100 and over-
ruled as to seventy-five cents on each $100 and judgment
entered for $492.75 and costs, from which judgment an ap-
peal is prosecuted to this court.

It is insisted by the appellant that inasmuch as a rate of
seventy-five cents on the $100 of the total valuation would
only amount to $48,153.16, and there had already been col-
lected over $50,000 in taxes, no authority existed to recover
more or to render judgment against the property of appel-
lant. It is conceded by appellant that a seventy-five cent rate
on the $100 would produce the amount of the tax against
appellant's property rendered by the judgment, and the only
position contended for is, that inasmuch as there had already
been collected as tax the amount seventy-five cents on the
$100 would produce, no more tax could be collected. In this
contention we cannot agree with appellant, as the law has
always been that all property should bear its just proportion
of tax, and because some person has paid an unjust or ex-
cessive tax on his property is no reason why other property
should not bear its just proportion of the tax and pay the
amount legally assessed against it.

Appellant cites the cases of *Walser* v. *Board of Education,* 160 Ill. 272, and *Wabash Railroad Co.* v. *People,* 196 id. 606, to sustain its contention. The *Walser case* was where, by mistake, certain lands were taxed in the wrong district, and the tax was paid and a suit was brought by five resident tax-payers and by the district entitled to the tax, and against the district collecting the tax, to recover the amount paid. The court stated in the opinion: "The only question here is the right of complainant to recover the amount of an illegal tax paid." And in the *Wabash case, supra,* the Wabash Railroad Company paid its tax each year but paid it in the wrong school district, and it was attempted afterward to assess its property as "omitted property" in the district which had been entitled to receive its tax. The court held that the property of the railroad company could not be assessed as "omitted property." We are unable to see how either of these cases relied upon is authority for the principle contended for in this case by counsel for appellant. In both cases relied upon the tax-payers paid the taxes for the year in question and paid the full amount for which they were liable, and while the court said in the *Wabash case, supra,* "payment satisfies the taxes and discharges the land and the owner, * * * and the full amount of the levy as made by the district having been paid, no right exists to recover more than the amount levied," this holding only goes so far as to find that the taxes legally assessed and paid discharge the property, whether they were received and used by the proper parties or not. No such question arises here. The tax was properly extended, and it was legally chargeable against appellant's property to the amount of seventy-five cents on the $100, which assessment would produce the amount for which judgment was rendered.

We think the judgment of the county court was right, and it is accordingly affirmed.    *Judgment affirmed.*