THE SCHOOL DIRECTORS OF DISTRICT No. 153, Appellants, vs. THE SCHOOL DIRECTORS OF DISTRICT No. 154, Appellees.

*Opinion filed February 20, 1908.*

SCHOOLS—*when school directors have no remedy, in equity, to recover alleged omitted taxes.* Where, by mistake, property actually situated in one school district is assessed for school taxes and the taxes are paid in another district, the school directors of the former district have no remedy, in equity, to compel an accounting from the other school district and the tax-payers and in case of default in payment to compel the county clerk to extend the amount found due as omitted school taxes.

APPEAL from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

R. J. STEPHENS, for appellants.

W. W. BARR, and McELVAIN & GLENN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellants at the January term, 1907, of the Jackson county circuit court against appellees, the school directors of district No. 154, in said county, the Illinois Central Railroad Company, the Big Muddy Coal and Iron Company, seventeen individual property owners and the county clerk of said county. The bill having been amended, demurrers were filed and upon a hearing sustained, the bill being dismissed at appellants' cost. Appeal was thereupon prayed to this court.

The bill alleges that by a mistake or misprision which occurred in making the map of school districts of said Jackson county, certain land situated in said district 153 was assessed and taxed in said district 154 for the years 1901 and 1902, and that the tax was collected and used by the school authorities of said last mentioned district on said land so improperly assessed therein. It is further alleged

that district 153 is thickly populated and requires large expenditures for school purposes, while district 154 is entirely rural and sparsely populated, requiring but a limited amount of expenditure for school purposes; that therefore the appellee property owners were assessed and paid less school taxes for said years 1901 and 1902 than they would have been required to pay had the property been properly assessed in district 153, as a higher rate was levied for 1901 and 1902 in district 153 for school taxes than was required or levied in said district 154 for school purposes. Appellants further allege that upon the discovery of the mistake they called upon the school directors of district 154 and requested them to pay back the amount of said taxes, $189.62, so paid them by mistake, and that they also called upon the property owners and requested them to pay the difference between what they had paid said district 154 and what they would have paid at the higher rate of taxation in district 153, $200.30, and that said school directors and said property owners refused, and still refuse, to pay said sums. The prayer of the bill is that there shall be an accounting of the several and respective amounts that should have been charged and paid as school taxes for the years 1901 and 1902, and that each of the appellee property owners be severally decreed to pay to the township treasurer of said township, to the credit and for the use of said district 153, the sum so found to be due on account of the school taxes for said years, and that in default of payment the county clerk be directed, in making the next succeeding extension of taxes for school district 153, to extend the sum so decreed to be paid, as "school tax omitted," to be collected and paid over as other taxes; also for an accounting from said district 154 for the taxes erroneously paid over to it in consequence of the mistake in making said map, and that said school directors of district 154 be decreed to pay the same, with legal interest since the date of the receipt thereof; and if it shall appear that at the date of such decree they have

not funds available or against which they can lawfully draw their warrant, payable on demand, for the payment and discharge of such decree, they be required, in making their next succeeding tax levy for educational purposes, to include therein an amount sufficient to pay the amount of such decree, with interest. The bill also contained a general prayer for relief.

No authorities have been cited that would justify a court of equity in giving any of the relief prayed for in this bill. Counsel for appellants rely upon the general doctrine that equity may be invoked to avoid a multiplicity of suits, to correct mistakes or where there is a lack of adequate remedy at law, and for an accounting, but none of the authorities cited have any bearing on the questions here at issue. Under the decisions in this State, the property of the appellee owners having been assessed for school taxes in district 154 and said taxes collected by that school district, said district 153, on the facts stated in this bill, cannot recover said taxes from said district 154. *Walser* v. *Board of Education,* 160 Ill. 272; *Wabash Railroad Co.* v. *People,* 196 id. 606.

The chief contention of appellants is as to the right of district 153 to have a decree entered in these proceedings finding the amount that would have been levied against the defendant property owners for 1901 and 1902 for school purposes had the levy been made in district 153, and ordering that said property owners shall pay over to the township treasurer, for the use of said district 153, the sum so ascertained, and that in default of such payment the county clerk should extend such amounts as taxes against said appellee property owners. All questions in reference to the levy and collection of taxes are statutory. Under section 1 of article 9 of the constitution (Hurd's Stat. 1905, p. 68,) the value of property for the purpose of taxation shall be ascertained by the person or persons elected or appointed, in such manner as the General Assembly shall direct, and not other-

wise. (*Chicago and Alton Railroad Co.* v. *People,* 98 Ill. 350; *Hopkins* v. *People,* 174 id. 416; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 206 id. 252.) This bill, in effect, asks a court of chancery to act as a taxing body. In the creation of the three departments of government the authority to tax has necessarily been given to the legislative branch. "The power to tax is not judicial." (Cooley on Taxation,—3d ed.—p. 46; 27 Am. & Eng. Ency. of Law,— 2d ed.—p. 666.) "The legislature makes, the executive executes and the judiciary construes the law." (*Wayman* v. *Southard,* 10 Wheat. 1; *Newland* v. *Marsh,* 19 Ill. 376.) It is incompetent for the legislature to confer the power to tax upon the judiciary or the executive branch of government. (Cooley on Taxation,—3d ed.—p. 47.) The assessment of taxes is not a judicial act; it partakes of no element of a judicial character. (*Fleming* v. *Trowsdale,* 29 C. C. A. 106.) A court of equity cannot levy the tax as prayed for in this bill.

The contention of counsel for appellants is that certain property has been omitted that should be taxed. The revenue laws of the State make provision for listing and assessing property omitted. (Hurd's Stat. 1905, secs. 276, 277, p. 1689.) This bill prays that the county clerk shall extend the taxes. Even if it could be argued that the county clerk, and not the court, was the authority levying the tax, the answer to that contention would be that he is not the proper official to levy school taxes. The directors of the school district are the authorities to levy school taxes. (Hurd's Stat. 1905, pars. 202, 203, pp. 1823, 1824.)

We are inclined to think that under *Walser* v. *Board of Education, supra,* and *Wabash Railroad Co.* v. *People, supra,* the excess over and above what was levied as school taxes on the appellees' property for said years, which it is claimed should and would have been levied had the property been assessed in the proper school district, cannot now be levied by compulsion on the ground that the property in

question was improperly omitted from taxation. However, even if that is not the law, the remedy would not be by bill in chancery, but by *mandamus* to compel the proper public officials to assess the property of appellees as provided by law. *People* v. *Board of Commissioners of Cook County,* 176 Ill. 576; *State Board of Equalization* v. *People,* 191 id. 528; *People* v. *Upham,* 221 id. 555.

Finding no error in the record the decree of the circuit court will be affirmed.

*Decree affirmed.*