Trico Community Unit School Dist. No. 176, Perry, Randolph and Jackson Counties, Illinois and T. J. Smith et al., Plaintiffs-Appellants, v. Steeleville Community Unit School Dist. No. 138, Randolph County, Illinois, Richard Bendorf, Sheriff and Ex-Officio County Collector of Randolph County, Illinois, Defendants-Appellees.

Term No. 59–F–15.

Fourth District.

May 5, 1959.

Released for publication July 16, 1959.

Hohlt & House, of Nashville (Clarence W. DeMoss, of counsel) for plaintiffs-appellants.

Walter J. Schuwerk, of Evanston, and William A. Schuwerk, of Chester, for defendants-appellees.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Randolph County dismissing the second amended complaint of Trico Community Unit School District No. 176, and others, in an action against Steeleville Community Unit School District and the County Collector of Randolph County, on the ground that the complaint did not state a cause of action.

The action was instituted to recover funds derived from the 1954 and 1955 school taxes collected from certain territories which were situated in the Trico District but were erroneously taxed as though they were situated in the Steeleville District. The complaint in this action is predicated on equitable principles and in substance asserts that the Steeleville District has no right in equity to collect or retain funds derived from school taxes from portions in the Trico District.

The improper assessment resulted from the circumstance that a detachment proceeding had been instituted in 1953 and was thereafter subjected to administrative review. The County Collector of Randolph

County, believing that the decision of the Board of School Trustees had immediate effect, had entered upon the Collector's book in 1954 the three territories sought to be detached and had shown such territories as being within the Steeleville District and the territories were taxed as though this were the fact. The appeal from an administrative order of detachment has the effect of maintaining the status quo until the matter reaches final disposition.

The Circuit Court of Randolph County affirmed the decision of the Board of School Trustees and the Trico District appealed to the Appellate Court. The County Collector nevertheless entered upon the Collector's books in 1955 the three territories referred to as if they lay and were within the Steeleville District, and such territories were taxed as though that were the fact. This Court, in February of 1956, held that the findings of the Board of School Trustees were against the manifest weight of the evidence and reversed the judgment (Trico Community Unit School District No. 176 v. County Board of School Trustees, 8 Ill.App.2d 494).

After the decision in this Court the territories were subsequently taxed as lying and being in the Trico School District. The 1954 school taxes collected from the territories had, however, been paid over to the treasurer of the Steeleville District, and at the time of the institution of the present action the 1955 school taxes from the said territories were in the hands of the County Collector who advised the Trico School District that he was about to pay them to the treasurer of the Steeleville District.

The motion to dismiss was predicated on the theory that the complaint failed to show that the Trico District was entitled to the money; that there was no duty of the defendants to the plaintiffs; and that Trico had failed to show a financial loss by reason of the

41

error of the County Collector because there was no allegation that the full amount of the Trico District levy was not received by the District; that the complaint failed to show in what way the individual taxpayers had any interest in the subject matter; and on appeal in this case defendant emphasizes that the Trico District fails to allege that it lost any money by reason of the mistake of the Collector, or that the full amount of taxes levied by the Trico District was not extended, collected, and paid to it. It is further stated that the counts fail to allege that the money paid to the Steeleville District is still in the hands of the Steeleville District and has not been expended for general school purposes by the Steeleville District since the same was paid to it by the Collector of taxes. It is also contended that suit by one School District to collect for taxes paid to another District cannot be maintained under such state of facts.

In connection with the contention of the defendant, emphasis is placed upon the case of Walser v. Board of Education of School Dist. No. 1, 160 Ill. 272. In that case the School District had collected its full tax levy. The Court stated that by virtue of the fact that the School District had collected its full tax levy it could not then recover from another District taxes collected by that District upon lands within the boundaries of the first District through a mistake of the Collector as to the location of the lands, although the rate percentage of the tax as extended in the first District was thereby made greater than it otherwise would have been.

In the case of Board of Highway Commissioners v. City of Bloomington, 253 Ill. 164, the Board of Highway Commissioners brought an action for money had and received, against the City of Bloomington, to recover from the City the amount of taxes collected on property in Bloomington Township located within

the corporate limits of the City. Ordinarily, such taxes would have been paid to the Township, but in this instance they were paid over by the Collector of Revenue to the City under a certain proviso of the Road and Bridge law. That proviso was later declared to be unconstitutional. A suit was thereafter brought to recover the money erroneously paid over under the unconstitutional provision. The Court stated in that case, that it had before it a case of the Collector of taxes voluntarily paying to the City and the City voluntarily receiving, public funds which under the law belonged to the Township. The money in question, the Court stated, must be conclusively presumed to have been levied and paid by the taxpayers for the benefit of the only municipality that had a legal right to receive it. The Court stated that the equitable right to the fund follows the legal title thereto.

■ Normally, a School District is entitled to collect the entire amount of the levy at a uniform rate from all of the taxable property located within its boundaries. The District does not fix a rate, but levies for a given number of dollars. The taxing authorities then divide the assessed value of the District property into the amount levied, which produces the rate, and the rate is applicable to all the taxable property in the District. In the instant case the amount of the levy produced a rate greater than the maximum rate authorized by Statute. The failure to extend the levy against a part of the District's territory resulted in a loss of revenue equal to the maximum rate multiplied by the assessed valuation of the territory improperly omitted in extending the taxes. Trico, however, could not recover such full amount from defendants, but could only maintain an action for the amount of money which defendants have or have used (Board of Trustees of Police Pension Fund of Glen Ellyn v. Glen Ellyn, 337 Ill. App. 183, 200).

43

In essence, an action of this type is required to be confined to the amount improperly or illegally collected. It is distinguishable from the situation in the case of Walser v. Board of Education, supra, because in that case the entire amount of the levy had been collected.

It is obvious that Trico has the legal title to money derived from taxes collected from property which was situated within the Trico District. The allegation that the money has been paid to the defendant and legally belongs to and should have been paid to the plaintiff is sufficient to support an action for money had and received as we have indicated in this opinion.

We should observe in the course of this opinion that plaintiffs in this case have in fact alleged that the full amount of the levy made by the Trico District was not collected. The allegation was in substance, that the full amount of the levy for educational and building purposes for said District for said year was not collected from persons and property situated in the Trico School District other than that described in another numbered paragraph, and that said funds are needed for educational and building purposes of the Trico School District.

A collateral problem which was raised on appeal in this case is whether the taxpayer plaintiffs are proper parties in this action. In view of the fact that we determined that the Trico School District can recover in its own name, it is unnecessary for us to determine whether or not the taxpayer plaintiffs would have any separate status if the School District were not a party to the action.

 We must, therefore, conclude on the basis of the pleadings before us that the decree of the Circuit Court of Randolph County was improper in dismissing the plaintiffs' second amended complaint, and that a cause of action was in fact stated by Trico School

District. To the extent that the Walser case is applicable, as we have pointed out, it is distinguishable for the reason that the entire amount of the levy was not collected in the instant case as was the situation in the Walser case. Other precedents, notably the Highway Commissioners v. City of Bloomington case, justify the conclusion of this Court that the Trico School District can maintain the instant action under the facts as alleged in the complaint.

██ ██ The fact that the Steeleville District may not have retained the moneys improperly paid to it on the 1954 levy does not constitute a defense. Municipal corporations, like individuals, are accountable for moneys received by them which in equity and good conscience belongs to another (Harrold v. City of East St. Louis, 197 Ill. App. 121; Board of Trustees v. Glen Ellyn, supra).

This cause will, therefore, be reversed and remanded to the Circuit Court of Randolph County, and the Court is directed to proceed to hear the cause on the merits.

Reversed and remanded, with directions.

SCHEINEMAN, P. J., concurs.