## The City of Chicago

*v.*

## Robert Stuart *et al.*

1.   CONTRACTS—*mode of payment.*   The city of Chicago contracted with certain parties to grade, pave, &c., a portion of a street, the contract providing that the parties doing the work should not only have a specific sum therefor, to be paid out of the special assessment levied for that purpose, and to which they exclusively looked for their pay, but the city "further agreed to pay said parties such additional sums of money as said city might collect as damages on the assessment levied, or any assessment which might be thereafter levied for such improvement:" *Held*, the parties doing the

work were entitled, not only to the damages collected upon a judgment against delinquents, but also such as might be paid voluntarily to the collector before he applied for judgment.

2. And *quere*, whether the city might not be compelled to pay over to the contractors such damages as were collected by the collector before judgment, even though the parties paying them could have recovered them back from the city.

3. VOLUNTARY PAYMENT—*can not be recovered back.* But where such damages were voluntarily paid to the collector by delinquents, they could not be recovered back from the city, although, at the time of their payment, the collector had no lawful authority to collect them, not having yet applied for judgment.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of assumpsit, brought in the court below by Stuart and Gray, for the use of McKickaw, against the city of Chicago, to recover for work and labor done by the plaintiffs, for the city, in the filling, grading, curbing and paving of a portion of Wabash avenue.

The work was done under a contract with the city, which, after setting forth the amounts to be paid for the work, provided for the mode of payment as follows:

" Said sums of money are payable out of the special assessment or assessments levied to defray the cost of said improvement, and when the same shall be collected, said party of the first part agreeing hereby to make no claim against said city on account of said improvement, except from the collections of said assessment or assessments, according to sec. 17, chap. 6, of revised city charter.

· " Said city further agrees to pay said party of the first part such additional sums of money as said city may collect as damages on the assessment levied, or any assessment which may be levied hereafter for such improvement, by virtue of the authority given in sec. 11 of chap. 9 of the charter."

On the trial, the court permitted the plaintiffs to prove the amount of damages collected on the warrant for the assessment made for this improvement, in the hands of the collector, prior to his application for a judgment thereon against the property upon which the assessment was made.

. And in respect to the damages so proven to have been collected by the city, the court instructed the jury as follows :

" The jury are instructed, as a matter of law, that by the contract made and entered into by the parties in this case, the defendant contracted to pay the contractors all the damages which the city collected by reason of the non-payment of the asssessment levied for making the improvement in question."

Exception was taken, on the part of the defendant, to the admission of this evidence and the giving of the instruction.

The trial resulted in a verdict and judgment for the plaintiffs.    The defendant appealed.

Mr. S. A. IRVIN, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

The only points made on this record are, as to the admission of evidence on behalf of appellees, showing the amount of damages collected on the warrant in the hands of the collector prior to his application for and the rendition of the judgment, and the instruction of the court in relation thereto.

These points must be decided in favor of appellees.    There is no pretense in law, justice or honesty favorable to the position appellant has assumed.    It was specially agreed by the city, when the contract was made with appellees, that they should have not only a specified sum of money for the

paving, grading and curbing complete, to be paid out of the special assessment levied for such purpose, and to which appellees exclusively looked for their pay, but that they should have such additional sums of money as the city might collect as damages on the assessment levied.

The city actually collected of the property owners, whose property had been assessed for this improvement, through voluntary payments made by them before any judgment was applied for against them as delinquents, a sum exceeding three thousand dollars, and a further sum as damages, making, in the total, six thousand six hundred and fifty-eight dollars and ninety-eight cents, and thus the whole assessment for the improvement was collected by the city.

Appellant contends, inasmuch as this court decided, in *Scammon* v. *The City of Chicago*, 44 Ill. 269, that the city collector had no power to enforce the collection of the damages, as provided in section 11 of the charter, before judgment, and on a mere warrant, the city may be liable in an action to restore these moneys so paid.

We see no such peril attending this matter, and it might be a question, if it did, could not the city, under their contract, having collected the damages, whether legally or illegally, be compelled to pay them over to these contractors, as they agreed to do. But however that may be, more than three thousand dollars of this amount was paid over by the property owners voluntarily. This being so, no action could be maintained by them to recover it back, and as to the balance, we understand they were allowed, when application was made to the court for judgment, and as a penalty for delay in payment.

The parties assessed have not complained, and do not complain of the collection of these damages by the city. The city has them in its treasury, and, by the contract, they belong to the appellees. It is their money, fairly earned. The city can not profit by its own wrong.

We see nothing in this case to justify the city authorities in withholding this money from the appellees.

The instruction of the court upon this point was proper, and the judgment must be affirmed.

*Judgment affirmed.*