THE CITY OF CHICAGO

*v.*

MICHAEL H. McGOVERN.

*Opinion filed February 21, 1907—Rehearing denied April 18, 1907.*

1. SPECIAL ASSESSMENTS—*right of contractor to recover interest illegally collected by city.* The fact that a city had no authority to collect interest upon a "flat" assessment does not defeat the right of the contractor to recover such interest from the city according to his vouchers, where the interest was voluntarily paid by the property owners in accordance with the judgments of confirmation, since, in such case, the city is under no legal obligation to return the interest to the property owners. (*Chicago v. Stuart*, 53 Ill. 83, followed.)

2. SAME—*interest collected without authority is not excess.* Interest collected by a city upon a "flat" assessment, even though such action is without authority of law, is not "excess," within the meaning of the provisions of the Local Improvement act requiring excess of the amount needed for the construction of the improvement to be returned to the property owners, where the bids upon the improvement were based on an ordinance, under which such interest, when collected, was to be paid upon the contractor's vouchers.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Appellee brought suit in assumpsit in the circuit court of Cook county against appellant and filed a declaration containing only the common counts. Appellant interposed the general issue, to which appellee filed a *similiter*. The case was then submitted to the court for trial without a jury upon a stipulation of facts, the substance of which is as follows:

Subsequent to July 1, 1903, the city of Chicago passed certain ordinances for the making of local improvements

by special assessments, which assessments were not divided into installments, and provided in such ordinances that such assessments should bear interest at five per cent per annum, according to law, until paid. Prior to the passage of these ordinances, notices of public hearings of interested property owners were sent out according to law, which notices stated that the assessments would bear interest, and no objection was made at such public hearing against making the assessments bear interest. The assessments were duly confirmed by the county court of Cook county, and the time for prosecuting appeals or writs of error to have the judgments of confirmation reviewed has long since passed. After the assessments had been confirmed the board of local improvements advertised for bids for the making of the improvements in accordance with the ordinances therefor. The advertisements for bids and the specifications for the work provided that bids should be submitted upon the agreement that the vouchers to be issued in payment for work and materials should bear interest at five per cent per annum, both principal and interest to be paid as and when collected by the city from the property owners. The city collector sent notices to the persons whose property was assessed for the improvements, calling for the payment of five per cent interest upon the principal sum assessed, and such persons voluntarily and without protest paid to said collector not only the principal sum assessed, but also five per cent interest thereon, as provided by the ordinances, and the amounts so paid as interest still remain in the possession of the city to the credit of the respective special assessment funds. Vouchers were issued by the city to Michael H. McGovern in payment of work done and materials furnished in constructing the improvements, each of which vouchers provided for the payment of interest on the principal sum therein contained, at five per cent per annum, until paid, "payable when and as collected and in the city treasury." McGovern, in due course of business and for a valuable consideration,

sold these vouchers to Michael J. Bransfield. The city refused to pay Bransfield the interest called for by the vouchers, which had been collected by its collector, as hereinbefore stated, and which is now in its possession, assigning as a reason for such refusal that the Supreme Court had held, in the case of *McChesney* v. *City of Chicago,* 213 Ill. 592, that interest could not be collected on assessments which were not divided into installments. Thereupon Bransfield, in the name of McGovern, brought this suit.

The circuit court, upon the facts disclosed by the stipulation, rendered judgment against appellant for $1033.13. That judgment has been affirmed by the Branch Appellate Court for the First District, and appellant has prosecuted a further appeal to this court.

The sole contention of appellant is, that under the facts shown by the stipulation the judgment should have been in its favor, first, because the promise sued on is illegal and void; and second, because the money the city promised to pay is held by the city as a trust fund and belongs to those who paid it into the city treasury.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

TOLMAN, REDFIELD & SEXTON, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

In *McChesney* v. *City of Chicago,* 213 Ill. 592, we held that section 42 of the Local Improvement act, as amended in 1903, does not authorize the city council to provide for the collection of interest upon special assessments not divided into installments, and that in the absence of statutory authority the city council has no right to require the payment of interest upon such assessments, as interest is never allowed unless given by statute. Appellant relies upon this decision

in support of its contention that the promise sued on is void, and that the money collected as interest, and now in its possession, belongs to the property owners from whom it was collected.

It is to be noted that the *McChesney case* was an appeal by a property owner from a judgment of confirmation, and the property owner was objecting to the confirmation of the interest-bearing assessment. In the case at bar, however, the interest-bearing assessments have been confirmed, the property owners have voluntarily paid the interest and such interest is now in the possession of the city, and the city is urging the illegality of the provision requiring the payment of interest on assessments not divided into installments.

As to appellant's first contention,—that the promise sued on is illegal and void,—the promise is only to pay or turn over to the contractor such interest as shall be collected from the property owners. Appellant is merely liable on this promise for money had and received by it for appellee's use. Manifestly a promise by a city to turn over to an individual money which may be received by the city for such individual's use is not an illegal promise, and may be enforced unless the city is under a legal obligation to return the money to the person or persons from whom it was received. The controlling question in this case is, therefore, whether the city is under a legal obligation to return the money collected as interest upon these assessments to those by whom it was paid.

It has been frequently held by this court that money voluntarily paid to another under a mistake of law, but with knowledge of all the facts, cannot be recovered back. *Elston* v. *City of Chicago,* 40 Ill. 514; *Union Building Ass.* v. *City of Chicago,* 61 id. 439; *Swanston* v. *Ijams,* 63 id. 165; *Walser* v. *Board of Education,* 160 id. 272; *Otis* v. *People,* 196 id. 542; *Yates* v. *Royal Ins. Co.* 200 id. 202.

In *Elston* v. *City of Chicago, supra,* it was said: "No case can be found, where money has been voluntarily paid

with a full knowledge of the facts and circumstances under which it was demanded, which holds that it can be recovered back upon the ground that the payment was made under a misapprehension of the legal rights and obligations of the party paying."

In the case at bar there is no pretense that the property owners were ignorant of any of the facts. They were fully informed that the assessments bore interest, and they voluntarily paid such interest, not under a mistake of fact, but under a misapprehension of their legal rights in the matter. The city is therefore under no obligation, in law, to return the money collected as interest to those from whom it was received.

A case almost identical with this one is *City of Chicago* v. *Stuart,* 53 Ill. 83. There a public improvement had been constructed under a contract with the city of Chicago, which contract, after setting forth the amounts to be paid for the work, provided that the money should be payable out of the special assessment when collected, and not otherwise, and the city agreed, in addition thereto, to pay to the contractor "such additional sums of money as said city may collect as damages on the assessment levied." The collection of five per cent damages by the collector holding the warrant was authorized by section 11 of the city charter on all taxes and special assessments not paid on or before a certain date, and these were the damages referred to in the contract. The contractor brought suit in assumpsit against the city to recover the money claimed to be due under the contract. The trial court, by evidence admitted and instructions given, permitted the jury to include in their verdict the amount of damages collected on the warrant by the collector. The city contended that, inasmuch as this court had in *Scammon* v. *City of Chicago,* 44 Ill. 269, decided that the city collector had no power to enforce the collection of the damages, as provided in section 11 of the charter, before judgment and on a mere warrant, the city might be liable in an action to

restore these moneys to the parties from whom they were collected. It was held by this court, however, that as the damages were paid over by the property owners voluntarily no action could be maintained by them to recover it back, and in finally disposing of the case it was said: "The parties assessed have not complained, and do not complain, of the collection of these damages by the city. The city has them in its treasury, and by the contract they belong to the appellees. It is their money, fairly earned. The city cannot profit by its own wrong. We see nothing in this case to justify the city authorities in withholding this money from the appellees."

In our judgment the *Stuart case* is conclusive upon the question as to the correctness of the judgment of the circuit court in the case at bar, and is in harmony with the other cases hereinbefore cited.

The sections of the Local Improvement act which provide for returning to the property owners the excess where a larger sum has been collected than is needed for the construction of the improvement have no application in this case. It is not contended that the judgment is for any larger amount than would be produced by computing interest on the contractor's vouchers at the rate of five per cent per annum, in accordance with the ordinances. The money was paid by the property owners for the express purpose of paying such interest, hence the money in the possession of the city for which this judgment was rendered is not "excess," within the meaning of the statute.

The contractor submitted his bid upon the understanding that the vouchers to be issued for work and materials should bear interest at five per cent per annum. It is apparent that the contractor could make his bid less if he was to receive interest on the money advanced by him in constructing the improvement than if he was to receive no interest for the use of his money so expended, and that the logical difference in such bids would be the amount of the interest in question. It would therefore seem that the property owners

have not paid any greater sum than they would have been required to pay had the ordinances provided for non-interest bearing assessments.

The judgment of the Branch Appellate Court will be affirmed.